NELLIE BASS GRANT, BY AND THROUGH HER NEXT FRIEND, MRS. M. W. BASS, v. FRED A. McGRAW, WEATHERS BROTHERS TRANSFER COMPANY, INCORPORATED, CLIFFORD GRANT AND H. E. GRANT.

(Filed 7 April, 1948.)

**Pleadings § 19b—**

　　A passenger in a car sued the operator and owner of a truck involved in the collision with the car. Upon motion of defendants, the driver and owner of the car were joined upon averment that their negligence was the sole proximate cause of the accident. The additional parties defendant filed cross complaint against the original defendants to recover for personal injuries and damages arising out of the same collision. *Held:* The demurrer of the original defendants for misjoinder was properly overruled, the additional defendants having been joined at their request in order that the entire controversy be settled in one action. Further, if the demurrer were allowed, the several causes would be subject to consolidation for trial.

APPEAL by defendants McGraw and Weathers Brothers Transfer Company from *Nettles, J.,* November Term, 1947, IREDELL. Affirmed.

Civil action to recover compensation for personal injuries resulting from an automobile-truck collision, heard on demurrer.

Plaintiff was a passenger on a Ford automobile which belonged to defendant H. E. Grant and which was being operated at the time by

Clifford Grant. The automobile and a truck operated by defendant McGraw and belonging to the corporate defendant collided. As a result plaintiff sustained certain personal injuries. She instituted this action against McGraw and the corporate defendant to recover compensation for her injuries. Defendants filed separate answers in which they each deny any negligence on the part of McGraw and allege that the negligence of Clifford Grant was the sole intervening proximate cause of the collision.

Thereafter, the defendants filed a motion that Clifford Grant and H. E. Grant be made parties defendant "to the end that the entire action (controversy) may be settled and disposed of in one action." In support of the motion they aver that the negligence of Clifford Grant was the sole proximate cause of the collision and that at the time he was operating the Ford, property of H. E. Grant, as a family car. The motion was allowed and process was issued and served on the defendant Grant.

Thereupon the new parties filed separate answers. Clifford Grant denied any negligence on his part and pleaded a cross action against the original defendants for personal injuries. H. E. Grant likewise pleaded a cross action for damages to his automobile.

The original defendants then appeared and demurred to said cross actions for misjoinder of parties and for that the causes of action set up by the new parties are not triable in this action.

The plaintiff does not object to the answers filed by the new parties. Instead she files brief in support of the order entered thereon.

The demurrer was overruled and said defendants appealed.

*Burke & Burke for plaintiff appellee.*

*Scott & Collier for defendants Fred A. McGraw and Weathers Transfer Company, Incorporated, appellants.*

*John G. Lewis for defendant appellees H. E. and Clifford Grant.*

BARNHILL, J. The question the appellants seek to present for decision on this appeal has already been decided by this Court. *Powell v. Smith*, 216 N. C., 242, 4 S. E. (2d), 524. That case controls decision here.

The new parties were brought in at the instance of the appellants "in order that the entire controversy can be settled in one action." They have filed answers which raise issues, the answers to which will tend to settle the whole controversy. This is in conformity with the express desire of the original defendants which was made the basis of their original motion. They are not now in position to object. They will not be permitted to blow hot and cold in the same action. They brought the new parties in and must abide the consequences.

Furthermore the several causes of action alleged by plaintiff and the new parties all grew out of the same collision. They are against the same defendants. The original plaintiff seeks no relief against the new parties, who are, in effect, additional parties plaintiff. Should we order a severance and require Clifford Grant and H. E. Grant to institute independent actions, the court below would have authority to, and probably would, order a consolidation for trial. *Peeples v. R. R., ante,* p. 590. Why march up the hill just to march down again?

*Montgomery v. Blades,* 217 N. C., 654, 9 S. E. (2d), 397, relied on by appellant, *Burleson v. Burleson,* 217 N. C., 336, 7 S. E. (2d), 706, *Schnepp v. Richardson,* 222 N. C., 228, 22 S. E. (2d), 555, and like cases are distinguishable.

The judgment below is

Affirmed.