JOHN HORTON v. THOMAS W. PERRY, JR., JOHN W. WOOD, JR., AND JOHN W. WOOD, SR.

(Filed 13 October, 1948.)

**1. Pleadings § 2: Trial § 11—**

The consolidation of actions for convenience of trial is a matter resting in the sound discretion of the trial court, and the rules governing the exercise of the discretionary power of consolidation are inapplicable to the joinder of actions, which, while under the supervision of the court, is done on the initiative of the parties and is subject to the restrictions provided by G. S., 1-123.

**2. Pleadings §§ 2, 10—**

Defendants filing a cross-action are bound by the statutory restrictions relating to joinder of causes.

**3. Same—**

> Plaintiff, riding in a wagon drawn by mules, was injured when a car traveling at a high speed struck the car immediately following the wagon, causing it to collide with the wagon. Plaintiff instituted suit against the drivers and owners of both cars. The owner of the car which was immediately following the wagon filed a cross-action for damages to his car against the owner and driver of the other car, who demurred to the cross-action. *Held:* The demurrer to the cross-action should have been sustained.

**4. Trial § 11—**

> Plaintiff, riding in a wagon drawn by mules, was injured when a car traveling at a high speed struck the car immediately following the wagon, causing it to collide with the wagon. Plaintiff instituted suit against the drivers and owners of both cars. *Held:* A cross-action by the owner of the car immediately following the wagon to recover damages to the car against the owner who was driving the other car could not be properly consolidated with the plaintiff's action, since such cross-action constitutes an independent action between defendants unconnected with plaintiff's cause of action.

DEFENDANT Perry's appeal from *Williams, J.,* Regular August Term, 1948, CHATHAM Superior Court.

The plaintiff complains of injury to person and property through the alleged joint negligence of the defendants, in a three-way collision, or collisions between three vehicles at approximately the same time.

The plaintiff alleges, substantially, that he was driving along the highway near Pittsboro, in his own wagon, drawn by two mules, and was followed closely,—within four or five feet—by a car owned by the defendant John Wood, Sr., and driven by John Wood, Jr., the car having been furnished him by the defendant John Wood, Sr., and being driven by his consent. It further alleged that the Wood automobile was followed by the defendant Perry, driving his own car at a high and unlawful rate of speed, who drove violently into the Wood car, and the impetus of the collision caused the Wood car to crash into the plaintiff's wagon, causing much injury to the same and to the draught mules, and serious injury to the plaintiff. Appropriate specifications of negligence were made respecting the conduct of each defendant operating the automobiles and Wood, Sr., was joined on the principle *respondeat superior.*

The defendants answered, each denying his own negligence and liability; and the defendants Wood, Sr., and Wood, Jr., interposed as a "second further answer and defense" a cross-action against the defendant Perry, in which they allege that Perry's negligence alone caused the collision, set the damage to the Wood car at $300.00, for which Wood, Sr., as the owner thereof, demands judgment against Perry.

Perry filed a motion to strike out the cross-action as irrelevant, prejudicial, and improper.

The motion was overruled, and Perry appealed.

*Wade Barber and Billy C. Smith for defendant, appellant.*
*Broughton & Teague for defendants, appellees.*

SEAWELL, J.    The motion of the appealing defendant to strike out the
cross-action against him is based on the rule frequently invoked that
only those matters germane to the cause of action asserted in the com-
plaint, and in which all the parties have a community of interest, may
be litigated in the same action.    *Brown v. Coble,* 76 N. C., 391; *Logan
v. Wallis,* 76 N. C., 416; *Street v. Tuck,* 84 N. C., 605; *Burns v.
Williams,* 88 N. C., 159; *Mitchell v. Mitchell,* 96 N. C., 14, 17, 1 S. E.,
648; *Montgomery v. Blades,* 217 N. C., 654, 9 S. E. (2d), 397; *Wingler
v. Miller,* 221 N. C., 137, 19 S. E. (2d), 247; *Beam v. Wright,* 222 N. C.,
174, 22 S. E. (2d), 270.

Against this position the appellees argue that the rule permitting con-
solidation of cases for the purpose of trial is applicable and should
prevail.

There is, of course, a substantial difference between the consolidation
of cases for the convenience of trial and the joinder of causes of action
for judicial determination in their combined aspect.    The former is in
the exercise of the inherent power of the court and, in applicable cases,
in its discretion; but this may be exercised only for the purpose of trial
as will be found by repeated statements of the Court where the right
has been exercised, and in that declared purpose will be found its limita-
tions;—it cannot annul or suspend the statute relating to joinder.    In
none of the cited cases, as far as we can discover, has there been any
attempt to supersede statutory authority.

Referring to consolidation in the latter sense—for convenience of
trial,—Professor McIntosh, in his work on North Carolina Practice and
Procedure, pp. 536, 539, says:

> "The Court has arranged the cases in which a consolidation may
> be made into three classes: '(1) where the plaintiff could have
> united all his causes of action in one suit, and has brought several,
> and these causes of action must be in one and the same right, and
> a common defense is set up to all; (2) where separate suits are
> instituted by different creditors to subject the same debtor's estate;
> (3) where the same plaintiff sues different defendants, each of whom
> defends on the same grounds, and the same question is involved in
> each.'    These may not embrace all the cases, but they serve to illus-
> trate the rule by which the court is governed in ordering such union.
> The last class might also include actions by different plaintiffs

against the same defendant, where the facts are substantially the same."

Cited in *Abbitt v. Gregory,* 201 N. C., 577, 594, 160 S. E., 896, and in *Peeples v. R. R., Edwards v. R. R., Kearney v. R. R.,* 228 N. C., 590, 46 S. E. (2d), 649. On page 594 will be found an extensive collection of authorities on the subject of consolidation, of which *Fleming v. Holleman,* 190 N. C., 449, 130 S. E., 171, *Hewitt v. Ulrich,* 210 N. C., 835, 187 S. E., 759, and *Robinson v. Transportation Co.,* 214 N. C., 489, 199 S. E., 725, are typical. But as a rule of court procedure, as we have said, it will not operate to annul or suspend the statute to let in litigation against the defendants on cross demands not related to the subject of the action while the plaintiff stands by merely to witness the fight.

The integration of causes of action, which we technically know as joinder, is not primarily instigated by the court, but is done on the initiative of the parties seeking to assert and enforce their rights by final judgment of the court; and while under the supervision of the court it is not a matter of discretion but is subject to the restrictions provided in the statute, G. S., 1-123; and defendants assuming the role of "actors" are similarly bound.

An examination of the cited authorities, many of which are collected in *Peeples-Edwards-Kearney v. R. R., supra,* makes this distinction clear; and none of the cases cited attempt to evade or depart from the pertinent Civil Procedure statutes. It is notable that the cases consolidated for the purpose of hearing preserve their distinctiveness throughout the proceedings upon appeal and are never amalgamated in the sense contended for by the appellees, and thus brought into repugnance with the statute.

The case at bar affords no exception to the practice. Study of the present case will show that it does not fulfill any of the conditions above cited upon which even a consolidation for trial should be allowed, if that were of importance. An outstanding defect in factual and legal pattern is that the cross-action of the defendant Wood against Perry is not a defense against the plaintiff or necessary to a determination of the controversy the plaintiff submitted to the jurisdiction of the court.

We have been led to a discussion of these distinctions because of the insistence of the appellees that the principle of consolidation is controlling in this case, either directly or by analogy. The authorities are uniformly against this position. *Bowman v. Greensboro,* 190 N. C., 611, 130 S. E., 502; *Rose v. Warehouse Co.,* 182 N. C., 107, 108 S. E., 389; *Coulter v. Wilson,* 171 N. C., 537, 88 S. E., 857; *Bobbitt v. Stanton,* 120 N. C., 253, 26 S. E., 817; *Baugert v. Blades,* 117 N. C., 221, 23 S. E., 179; *Gibson v. Barbour,* 100 N. C., 192, 6 S. E., 766; *Hulbert v. Douglas,* 94 N.C. 128; *Montgomery v. Blades, supra;* McIntosh, Practice and Procedure, *supra;* G. S., 1-222.

In *Montgomery v. Blades, supra,* it is said:

> "A defendant may file a cross action against a codefendant only if such cross action is founded upon or is necessarily connected with the subject matter and purpose of plaintiff's action, and while this section permits the determination of questions of primary and secondary liability and the right to contribution as between joint tortfeasors, it does not permit cross actions between defendants which are independent of the cause alleged by plaintiff."

To the same effect is *Hulbert v. Douglas, supra.*

Upon a similar statement of facts the same result is reached in *Liebhauser v. Milwaukee Electric Railway & Light Co.,* 180 Wis., 468, 43 A. L. R., 870. The plaintiff in that case sued both the railway company and the driver of an automobile which were in collision. The driver of the automobile filed a cross-complaint against his codefendant, alleging damage to his automobile due to its negligence. Demurrer to the cross-complaint was sustained. The court observed: "The mere fact that the two occurrences were nearly contemporaneous in time in no manner affects the question."

*Grant v. McGraw,* 228 N. C., 745, 46 S. E. (2d), 849, cited by defendant, is distinguishable from the instant case because of the difference of factors entering into the decision.

The judgment overruling the demurrer must be reversed, and the case remanded for trial. It is so ordered.

Reversed.