POSEY E. WRENN v. HOWARD OLIVER GRAHAM, KIKER & YOUNT, INC., AND F. A. TRIPLETT, INC.

(Filed 6 January, 1953.)

### 1. Pleadings §§ 3a, 10—

A party may not bring forward allegations contained in prior paragraphs of the pleading by referring to such paragraphs by number and stating that pleader repleads them. Rule of Practice in the Supreme Court 20 (2).

### 2. Pleadings §§ 2, 10—

Ordinarily, only matters which are germane to the original or primary cause of action and in which all the parties have a community of interest may be litigated in the same action.

### 3. Same—

The personal injuries and property damage suffered by a party, and not the accident causing them, is the subject of his action in tort, and his right to compensation therefor is the claim he asserts, and only such torts as arise immediately and directly out of the subject of the original or primary action and which have such relation thereto that their adjustment is necessary to a full and final determination of that cause may be joined in the complaint or pleaded as a cross action. G.S. 1-123.

### 4. Pleadings § 10—Defendant may not set up cross action against his co-defendants to recover for his own injuries or damage.

Plaintiff's car was involved in a collision at the beginning of a highway detour around a project for the widening of the highway and the rebuilding or construction of certain bridges. Plaintiff instituted suit against the driver of the other car involved in the collision and the highway and bridge contractors. Defendant driver asserted a counterclaim against plaintiff and the contractors as joint tort-feasors. *Held:* Demurrer of the contractors to the cross action for misjoinder of parties and causes

was properly allowed, since the individual defendant's right of action against the contractors does not arise out of the subject of plaintiff's cause of action and is not necessary to a full and final determination of plaintiff's claim, and plaintiff may not be required to allow defendants to fight out their rights and liabilities as between themselves in his action to recover his damages. G.S. 1-123.

APPEAL by defendant Graham from *Sink, J.,* September Term, 1952, GUILFORD. Affirmed.

Civil action to recover compensation for personal injuries and property damage, heard on demurrer of the corporate defendants to the cross action pleaded against them by the defendant Graham and motion to strike the same.

Defendant Kiker & Yount, Inc., contracted with the State Highway and Public Works Commission to widen and resurface a part of U.S. 220 near the Guilford Battleground. Defendant Triplett, Inc., contracted to rebuild or construct certain bridges as a part of the same road improvement project. There was a temporary detour constructed for the use of the public while work on one of the bridges was in progress.

An auto operated by plaintiff on the detour and one operated by defendant Graham on the main highway collided just as plaintiff was emerging from the south end of the detour onto the main highway. Plaintiff makes allegations of negligence against all three defendants which are not material here.

Defendant Graham, in his answer, after denying any negligence on his part and alleging certain defenses, pleads a "cross action" against his codefendants and a "counterclaim" against plaintiff. His asserted claim is stated in one cause of action against his codefendants and plaintiff as joint tort-feasors.

The corporate defendants appeared and demurred to said cross action and moved to strike the same for the reasons assigned in the written demurrers filed. The demurrers were sustained and defendant Graham excepted and appealed.

*Adam Younce for defendant appellant, Howard Oliver Graham.*

*Huger S. King for defendant appellee Kiker & Yount, Inc., and Smith, Sapp, Moore & Smith for defendant appellee F. A. Triplett, Inc.*

BARNHILL, J. Paragraph 2 of appellant's cross action is as follows: "2. This defendant herewith repleads paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11 and 12 of the further answer and defense hereinabove appearing."

This does not suffice to bring forward and make any allegation in the further defense a part of the cross action. Rule 20 (2), Rules of Practice

in the Supreme Court, 221 N.C. 557; *Guy v. Baer,* 234 N.C. 276, 67 S.E. 2d 47; *Alexander v. Brown, ante,* 212. This being true, the allegations contained in the cross action are insufficient to state a cause of action either against plaintiff or the corporate defendants. But we do not base our decision on that ground, for to do so would merely invite repleading and necessitate another appeal to decide the real question the parties seek to present. That question is this: In an action founded on allegations of negligence, may one of the three defendants file and prosecute a cross action against his codefendants to recover compensation for personal injuries and property damage which he alleges arose out of and were proximately caused by the same automobile collision out of which plaintiff's cause of action arose? The statute, G.S. 1-123, and our decisions thereunder answer in the negative.

Ordinarily only those matters germane to the cause of action asserted in the complaint and in which all the parties have a community of interest may be litigated in the same action. *Horton v. Perry,* 229 N.C. 319, 49 S.E. 2d 734, and cases cited.

"In order that a cross action between defendants may be properly considered as a part of the main action, it must be founded upon and connected with the subject matter in litigation between the plaintiff and the defendants." *Montgomery v. Blades,* 217 N.C. 654, 9 S.E. 2d 397; *Horton v. Perry, supra.* It must be in reference to the claim made by the plaintiff and based upon an adjustment of that claim. *Coulter v. Wilson,* 171 N.C. 537, 88 S.E. 857; *Schnepp v. Richardson,* 222 N.C. 228, 22 S.E. 2d 555. "Each cause of action must relate to one general right. . . . Each must be so germane to it as to be regarded really as a part thereof" and ". . . directed to the same *subject matter* which constitutes *one general right.*" *Pressley v. Tea Co.,* 226 N.C. 518, 39 S.E. 2d 382; *Hancammon v. Carr,* 229 N.C. 52, 47 S.E. 2d 614; *Schnepp v. Richardson, supra.*

Whether joined in the complaint with another cause of action or pleaded as a cross action, a tort claim relied upon must arise out of the subject of the original or primary action and "the connection . . . must be immediate and direct." *Hancammon v. Carr, supra.* Questions in dispute among the defendants in an action may not be litigated in that action unless they arise out of the subject of the action as set out in the complaint and have such relation to the plaintiff's claim as that their adjustment is necessary to a full and final determination of that cause. *Hulbert v. Douglas,* 94 N.C. 128; *Schnepp v. Richardson, supra; Montgomery v. Blades, supra.* In other words, a plaintiff may not be required to cool his heels in the anteroom while defendants fight out, by cross action, a claim, one against the other, which is independent of and irrelevant to the cause he asserts. *Schnepp v. Richardson, supra; Beam v. Wright,* 222 N.C. 174, 22 S.E. 2d 270.

The roots of the controversy on this appeal are lodged in conflicting interpretations of the term "the same subject of action" as used in G.S. 1-123, and like terms appearing in our decisions.

"The 'subject of the action' means . . . the thing in respect to which the plaintiff's right of action is asserted whether it be specific property, a contract, a threatened or violated right, or other thing concerning which an action may be brought and litigation had." Phillips, Code Pleading, 2d Ed., sec. 377, p. 423; *Hancammon v. Carr, supra.*

While his cause of action, as alleged by him, arose out of the collision of the two automobiles, and proof in respect thereto is essential, the collision is not the subject of plaintiff's action. The personal injuries and property damage suffered by him as a result thereof is the subject of his action and his right to compensation therefor is the claim he asserts. *Montgomery v. Blades, supra; Horton v. Perry, supra.*

Here, in effect, Graham, in respect to his cross action, makes himself a plaintiff against his codefendants. He is suing on one cause of action while plaintiff alleges an entirely different cause. Plaintiff has no interest in his claim against the corporate defendants and he, as complainant, has no interest in the claim asserted by plaintiff. Had he and plaintiff joined forces and instituted a joint action against the other defendants, it would have clearly constituted a misjoinder of causes and parties. From a practical standpoint, there is no difference in the course he here seeks to pursue. *Montgomery v. Blades, supra; Horton v. Perry, supra.* He asserts against his codefendants a cause of action which is independent of and irrelevant to the "subject of action" which forms the basis of plaintiff's claim. Hence the order sustaining the demurrers and striking the cross action contained in Graham's answer must be affirmed. *Teague v. Oil Co.,* 232 N.C. 65, 59 S.E. 2d 2.

The appellant, through his counsel, contends that since his cross action is against plaintiff and his codefendants as joint tort-feasors, the rule stated in the *Blades* and like cases has no application here. This interesting argument is ingenious but not persuasive. While defendant has the right to litigate in this action all questions pertaining to the cause of action alleged by plaintiff, including the liability of plaintiff for the injuries he—Graham—allegedly suffered as a proximate result of plaintiff's negligence, he may not pursue his claim against the corporate defendants in this action.

Had appellant elected to institute a separate and independent action against plaintiff and the corporate defendants, the trial judge, in his discretion, could have consolidated the two actions for trial. This is a roundabout way to the same end appellant seeks to accomplish here. Nonetheless, the statute does not permit the joinder of the two causes as a matter of right. Whether all persons suffering injury or damage aris-

ing out of one and the same motor vehicle collision should be permitted to join as coplaintiffs against the allegedly negligent motorist is for the General Assembly to decide. This Court studiously refrains from making law by judicial fiat. It only applies it as it is written.

The order entered in the court below is

Affirmed.