JOHN DANIEL MORGAN, PLAINTIFF, v. HAROLD F. BROOKS, ORIGINAL DEFENDANT, AND VIRGIL LEE MILLSAP, ADDITIONAL DEFENDANT.

(Filed 2 March, 1955.)

**1. Appeal and Error § 51c—**

An opinion of the Supreme Court should be considered in the light of the facts in the particular case in which it was delivered.

**2. Pleadings § 10—**

An action was instituted by the owner of a car against the owner-operator of the other vehicle involved in the collision, to recover for damages to the car. The original defendant had the driver of plaintiff's car and an occupant thereof joined as additional parties defendant. *Held:* The occupant of plaintiff's car, who was joined as an additional defendant on motion of the original defendant, was under no legal obligation to set up a cross-action against the original defendant to recover for his personal injuries, but had he done so, the original defendant would not be entitled to have the cross-action dismissed.

**3. Abatement and Revival § 9—**

The owner of an automobile instituted action against the owner-operator of the other car involved in the collision. The original defendant had the driver of plaintiff's car and an occupant thereof joined as additional defendants. The occupant of plaintiff's car filed no cross-action against the original defendant, but thereafter instituted an independent action against him. *Held:* The second action is not subject to abatement on the ground

of the pendency of the first, since the issues in the second action were not essentially a part of the first action and did not have to be adjudicated therein.

**4. Judgments § 32—**

The guest in a car owned and operated by her husband brought action against the driver and the owner and the occupant of the other car involved in the collision, to recover for personal injuries, and judgment was entered in plaintiff's favor. Thereafter defendant occupant brought action against the husband, owner-operator, to recover for personal injuries. *Held:* The husband was not a party to the first action, and therefore, he was not entitled to set up the judgment in the first action as *res judicata* in the second.

APPEAL by plaintiff John Daniel Morgan and the defendant Harold F. Brooks, from *Sink, J.,* October Term, 1954, of ROCKINGHAM.

Civil action to recover for personal injuries sustained in an automobile collision resulting from the alleged negligence of the defendant Harold F. Brooks.

The facts necessary to an understanding of the questions presented for determination on this appeal are as follows:

1. On 5 September, 1951, the automobile of Beatrice Morgan was involved in a collision on U. S. Highway No. 29 near Greensboro, North Carolina, with an automobile owned and operated by Harold F. Brooks. The Morgan vehicle was operated by Virgil Lee Millsap, and John Daniel Morgan was riding with him. Lillian Louise Brooks, wife of Harold F. Brooks, was riding with her husband. (For convenience, whenever the name Brooks is used hereinafter, unless otherwise designated, it will mean Harold F. Brooks; and when the name Morgan is used, unless otherwise designated, it will mean John Daniel Morgan.)

2. Following the collision, Beatrice Morgan instituted an action on 8 October, 1951, in the Superior Court of Rockingham County, against Brooks, to recover for alleged property damage. Brooks brought in Virgil Lee Millsap and Morgan as additional defendants. In the answer filed by the additional defendants, Morgan made no mention of any claim against Brooks.

3. Thereafter, on 16 September, 1953, the plaintiff instituted this action against Brooks, seeking damages for personal injuries sustained in the collision which occurred on 5 September, 1951, resulting from the alleged negligence of Brooks. Brooks filed an answer to plaintiff's complaint and, among other things, set forth a plea in abatement, alleging that the plaintiff was required to assert such claim as he had in the suit brought by Beatrice Morgan, in which action Brooks brought Morgan in as an additional defendant. To this answer Morgan filed a reply in which he admitted the pendency of the action brought by Beatrice Morgan

against Brooks, but alleged that he was not fully aware of the injuries which he had sustained in said collision at the time he was made a party defendant in said action, and expressly denies that the suit instituted by Beatrice Morgan against Brooks is a bar to the prosecution of this independent action. Brooks, the original defendant in this action, also set up a cross-action against Virgil Lee Millsap and had him made an additional party defendant. Millsap filed an answer to the cross-action.

4. In January, 1954, Lillian Louise Brooks instituted an action against Virgil Lee Millsap, Beatrice Morgan and John Daniel Morgan in the Greensboro Division of the Guilford Superior Court, for the recovery of damages for alleged personal injuries she sustained in the above collision. She recovered a judgment against the defendants in the sum of $2,750.

When this cause came on to be heard at the October Term, 1954, of the Superior Court of Rockingham County, Brooks filed a motion seeking permission to amend his answer so as to plead as *res judicata* the verdict and judgment in the Guilford case referred to above, upon the ground that all, or substantially all, of the material matters in controversy had been determined. This motion was denied and the defendant Brooks entered an exception to the ruling. For the purpose of trial, the case was then consolidated, by consent, with the action entitled "Beatrice Morgan, plaintiff, v. Harold F. Brooks, defendant, and John Daniel Morgan and Virgil Lee Millsap, Additional Defendants." Thereupon, the original defendant Brooks demurred *ore tenus* to the pleadings of the plaintiff for that said pleadings do not state facts sufficient to entitle the plaintiff to assert his alleged cause of action in this suit, and also moved for judgment on the pleadings. The court then entered judgment, denying the motion of the original defendant Harold F. Brooks that he be allowed to file an amended answer so as to plead the verdict entered in the Guilford County case as *res judicata* of the matters and things alleged in this action, but sustaining the demurrer *ore tenus* to the plaintiff's pleadings, and dismissing the action.

The plaintiff Morgan and the defendant Brooks appeal and assign error.

*Price & Osborne and J. C. Johnson for plaintiff.*
*Jordan & Wright for defendant Harold F. Brooks.*

DENNY, J. We shall first consider the appeal of the plaintiff. The judgment of the court below, sustaining the demurrer *ore tenus* to the plaintiff's pleadings, is tantamount to an order to the effect that the plaintiff may not now assert any claim he might have against Harold F. Brooks, as a result of the collision which occurred on 5 September, 1951, since he failed to file a cross-action against Brooks in the suit instituted

by Beatrice Morgan, in which action Brooks brought him in as an additional party defendant.

The appellant Brooks is relying upon our decision in the case of *Cameron v. Cameron*, 235 N.C. 82, 68 S.E. 2d 796, to sustain the ruling of the court below. In order to interpret an opinion of this Court correctly, it should be considered in the light of the facts in the particular case in which it was delivered. *Brown v. Hodges*, 233 N.C. 617, 65 S.E. 2d 144, and cited cases.

In *Cameron v. Cameron, supra,* the plaintiff Bruce B. Cameron instituted an action for divorce, on the ground of two years' separation, against his wife, Mary Vail Cameron, in New Hanover County. At the time of the institution of the action, there was pending in the Superior Court of Sampson County an action instituted by Mrs. Cameron against her husband for divorce from bed and board under G.S. 50-7 (1) upon the ground that her husband had abandoned her. We held the second action was not maintainable since he could, with the permission of the court, if he desired to do so, set up his alleged cause of action for divorce in a cross-action against the plaintiff in the action pending in Sampson County. Moreover, a verdict on the merits in the Sampson County case would have been determinative of the question as to whether or not he was entitled to the relief he sought in the action instituted in New Hanover County. *Ervin, J.,* in speaking for the Court in the above case, said: "The ordinary test for determining whether or not the parties and causes of action are the same for the purpose of abatement by reason of the pendency of the prior action is this: Do the two actions present a substantial identity as to parties, subject matter, issues involved, and relief demanded? . . . This test lends itself to ready application where both actions are brought by the same plaintiff against the same defendant, or where the plaintiff in the second action, as defendant in the first, has actually pleaded a counterclaim or cross-demand for the same cause of action. The ordinary test of identity of parties and causes is not appropriate, however, when the parties to the prior action appear in the subsequent action in reverse order, and the plaintiff in the second action, as defendant in the first, has failed to plead a counterclaim or cross-demand for the same cause of action. Under the law, a defendant, who has a claim available by way of counterclaim or cross-demand, has an election to plead it as such in the original action, or to reserve it for a future independent action, *unless the claim is essentially a part of the original action and will necessarily be adjudicated by the judgment in it.* . . . As a consequence, the general rule is that a subsequent action is not abatable on the ground that the plaintiff therein might obtain the same relief by a counterclaim or cross-demand in a prior action pending against him." (Italics ours.)

The facts in the instant case are not like those in the *Cameron case.* Beatrice Morgan, in so far as the record before us discloses, did not set up any action against John Daniel Morgan. Therefore, when he was brought in as an additional party defendant by Brooks, he was under no legal obligation to set up a cross-action against Brooks for any claim he had against him as a result of the collision which occurred on 5 September, 1951. However, since he was made an additional party defendant upon motion of Brooks, he could, had he desired to do so, have set up such an action against him, and Brooks could not have had it dismissed had he desired to do so. *Grant v. McGraw,* 228 N.C. 745, 46 S.E. 2d 849; *Powell v. Smith,* 216 N.C. 242, 4 S.E. 2d 524. But, on the other hand, if Morgan had been made an additional party defendant in the Beatrice Morgan case by someone other than Brooks, and he had filed a cross-action against Brooks, such cross-action would have been subject to dismissal upon motion of Brooks. *Wrenn v. Graham,* 236 N.C. 719, 74 S.E. 2d 232; *Horton v. Perry,* 229 N.C. 319, 49 S.E. 2d 734; *Montgomery v. Blades,* 217 N.C. 654, 9 S.E. 2d 397.

In the last cited case, *Devin, J.,* later *Chief Justice,* said: "The general rule seems to have been established by the decisions of this Court that one defendant, jointly sued with others, may not be permitted to set up in the answer a cross-action not germane to the plaintiff's action. A cause of action arising between defendants not founded upon or necessarily connected with the subject matter and purpose of the plaintiff's action should not be engrafted upon the action which the plaintiff has instituted. In order that a cross-action between defendants may be properly considered as a part of the main action, it must be founded upon and connected with the subject matter in litigation between the plaintiff and the defendants. . . . Section 602 of the Consolidated Statutes (now G.S. 1-222) provides that 'judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants, and it may determine the ultimate rights of the parties on each side, as between themselves.' This permits the determination of questions of primary and secondary liability between joint tort-feasors, but it may not be understood to authorize the consideration of cross-actions between defendants as to matters not connected with the subject to the plaintiff's action."

In *Wrenn v. Graham, supra,* in which this Court was considering the identical question now before us, *Barnhill, J.,* now *Chief Justice,* said: "In an action founded on allegations of negligence, may one of the three defendants file and prosecute a cross-action against his codefendants to recover compensation for personal injuries and property damage which he alleges arose out of and were proximately caused by the same auto-

mobile collision out of which plaintiff's cause of action arose? The statute, G.S. 1-123, and our decisions thereunder answer in the negative."

In light of our decisions, we hold the plaintiff's exception to the ruling of the court below in sustaining the demurrer *ore tenus* and dismissing the action is well taken and will be upheld.

## DEFENDANT'S APPEAL.

The defendant Brooks appeals from the denial of his motion to permit him to set up the judgment entered in the case of Lillian Louise Brooks *v.* John Daniel Morgan, *et als.,* as *res judicata* as to the matters and things alleged in the present action. The defendant Brooks was not a party to the action brought by his wife in Guilford County. Moreover, it may be that in the trial of this case, an entirely different set of facts, as to the manner in which the collision between the two automobiles occurred, may be developed, either by additional evidence or by the estimate placed upon the evidence by the jury. Therefore, the ruling of the court below will be upheld on authority of our decisions in *Meacham v. Larus & Bros. Co.,* 212 N.C. 646, 194 S.E. 99, and *Light Co. v. Insurance Co.,* 238 N.C. 679, 79 S.E. 2d 167.

On plaintiff's appeal—Reversed.

On defendant's appeal—Affirmed.