MRS. MILLICENT T. NORRIS v. KING DAVID JOHNSON, ORIGINAL DEFENDANT, AND CHARLES S. NORRIS, ADDITIONAL DEFENDANT.

(Filed 1 May, 1957.)

**1. Torts § 6—**

G.S. 1-240 creates as to parties jointly and severally liable a new right, so that when one joint tortfeasor is sued alone he may join other joint tortfeasors for contribution under the statute without permission from the original plaintiff.

**2. Same—**

Where one joint tortfeasor has others joined for contribution, he is, as to the new defendants, a plaintiff and must establish his right of action, and such additional defendants may assert any appropriate defense to the cross action without regard to relevancy to the claim of plaintiff.

**3. Same—**

Where the original defendant has another joined as additional defendant for contribution on the ground of their concurring negligence in producing plaintiff's injury, the additional defendant may file a counterclaim against the original defendant for damages to the additional defendant's property allegedly resulting from the negligence of the original defendant,

and such counterclaim is improperly stricken upon motion of the original defendant.

**4. Same—**

An additional party joined under G.S. 1-240 on the cross action of the original defendant for contribution is not entitled to nonsuit at the close of plaintiff's evidence, the sufficiency of the evidence on the cross action being determinable only after the original defendant has introduced his evidence in support thereof.

**5. Same: Automobiles § 43—Driver of each car may be guilty of concurring negligence in causing collision at intersection controlled by traffic lights.**

Driver of each car colliding at an intersection controlled by traffic lights may be guilty of concurring negligence, since, notwithstanding the negligence of the one in entering the intersection against the red light, the other may be guilty of concurring negligence in failing to maintain a proper lookout and seeing the other's disobedience to the traffic light in time to have avoided the collision, and therefore, in an action by a passenger in one of the cars against the driver of the other, in which the driver of the first car is joined for contribution by the original defendant, motion to nonsuit the cross action on the ground that there was no evidence tending to establish that the drivers were joint tortfeasors, should be denied.

APPEAL by Charles S. Norris from *Bundy, J.,* January 1957 Civil Term of HARNETT.

Millicent T. Norris brought suit against King David Johnson to recover for personal injuries sustained in a collision between an automobile owned and operated by her husband, Charles S. Norris, and a pickup truck owned and operated by defendant Johnson. Plaintiff alleged that the collision was caused by the negligence of defendant Johnson. She alleged that the driver of the vehicle in which she was riding was free of negligence.

Defendant Johnson answered. He denied each allegation of negligence and alleged that the collision was due to the negligence of the operator of the vehicle in which plaintiff was riding, and that his negligence was the sole proximate cause of the collision. He then alleged if in fact the collision was in any way due to his (Johnson's) negligence, Charles S. Norris, by his (Norris's) negligence, contributed to plaintiff's injuries, and answering defendant was entitled to have Charles S. Norris made a party defendant for contribution. Thereupon an order was entered making Charles S. Norris a party defendant.

Charles S. Norris filed an answer admitting the allegations of the complaint and denying the allegations of negligence set out in Johnson's answer. As a further defense and by way of counterclaim he alleged that his automobile had been damaged in the collision, that the damage was due to the negligence of defendant Johnson, and prays to recover for his damage.

The answer and counterclaim of defendant Norris was not served on defendant Johnson. When the case was called for trial, defendant Johnson demurred *ore tenus* and moved to strike as sham and irrelevant the counterclaim of defendant Norris. The demurrer and motion to strike were allowed and defendant Norris excepted.

The court submitted three issues to the jury: (1) negligence of defendant Johnson, which was answered in the affirmative; (2) damage to plaintiff, which was answered in the sum of $1000; (3) negligence of defendant Norris contributing to plaintiff's injuries, which was answered in the affirmative. Judgment was entered that plaintiff recover of defendant Johnson $1000 and costs and that the defendant Johnson recover of defendant Charles S. Norris one-half of the amount for which he, Johnson, was adjudged liable. Defendant Charles S. Norris excepted and appealed.

*Fletcher & Lake for defendant appellant.*
*Nance, Barrington & Collier for defendant appellee.*

RODMAN, J. Defendant Norris, by appropriate assignment of error presents for determination the correctness of the ruling striking out his counterclaim. If he had the right to assert against Johnson in this action his claim for damages, his rights have been prejudicially restricted.

Appellee Johnson does not here contend that the counterclaim is subject to a demurrer for failure to state a cause of action or for misjoinder of parties and causes of action. He asserts that the claim of appellant Norris for damage to the automobile is in no way related to plaintiff's claim for personal injuries, and since it presents no defense to the cause being tried, it should be stricken. He cites in support of his motion *Howell v. Ferguson,* 87 N.C. 113; *Horton v. Perry,* 229 N.C. 319, 49 S.E. 2d 724; and *Wrenn v. Graham,* 236 N.C. 719, 74 S.E. 2d 232. First appearances might seem to support his view, but closer examination will demonstrate its fallacy. In the cases cited the named plaintiff was seeking to hold defendants for wrongs assertedly done to plaintiff. The rights of defendants *inter se* were of no concern to plaintiff; so defendants were not permitted to complicate and delay the action to plaintiff's detriment.

In this case Millicent T. Norris and Charles S. Norris do not, as between themselves, occupy the position of plaintiff and defendant. She seeks no redress against appellant and cannot obtain a judgment against him. Appellee Johnson could not, except for the statute, G.S. 1-240, have insisted on appellant's appearance as a party. *Clark v. Guano Co.,* 144 N.C. 64; *Doles v. R. R.,* 160 N.C. 318, 75 S.E. 722; *Bargeon v. Transportation Co.,* 196 N.C. 776, 147 S.E. 299.

The enactment of the contribution statute created as to parties jointly and severally liable a new right and ready means for the enforcement of that right. *Hoft v. Mohn,* 215 N.C. 397, 2 S.E. 2d 23.

Now when some, but not all of the parties jointly and severally liable are sued, they are permitted in that action to sue those not originally joined. They are not required to seek permission from the original plaintiff. The right is theirs by virtue of the statute, G.S. 1-240. The original defendants are, as to the new defendants, plaintiffs, and as such required to establish their right of action. *Pascal v. Transit Co.,* 229 N.C. 435, 50 S.E. 2d 534.

The party brought in may, of course, assert any defense appropriate to the cause of action asserted against him. He may plead estoppel by settlement, *Snyder v. Oil Co.,* 235 N.C. 119, 68 S.E. 2d 805, a judgment binding the parties, *Stansel v. McIntyre,* 237 N.C. 148, 74 S.E. 2d 345. It follows that relevancy does not relate to the claim of the original plaintiff but to the right of action asserted by the original defendant against the party whom he brings in. Defendant appellant was entitled to assert his counterclaim. *Morgan v. Brooks,* 241 N.C. 527, 85 S.E. 2d 869; *Grant v. McGraw,* 228 N.C. 745, 46 S.E. 2d 849; *Powell v. Smith,* 216 N.C. 242, 4 S.E. 2d 524.

Appellant, at the conclusion of plaintiff's evidence, moved for nonsuit on defendant Johnson's cross action. The court was correct in denying the motion. That was not an appropriate time for the motion. Johnson, who was plaintiff as to appellant, had not then presented his case against his defendant.

At the conclusion of all of the evidence appellant again moved for nonsuit as to Johnson's cross action for that there was no evidence tending to establish the fact that appellant and appellee were joint tortfeasors and hence there could be no contribution.

The collision occurred at the intersection of Broad Street and Ellis Avenue in Dunn. Traffic is controlled at this intersection by a light hung over the center, installed and maintained by the town. Appellant's vehicle was traveling west on Broad Street. Johnson's truck was traveling north on Ellis Avenue. Each party offered evidence that the light, as he approached and entered the intersection, showed green on his side and hence red on the intersecting street. Each offered evidence from which the jury could find that he entered the intersection first in accord with the permission granted by the green light. Each offered evidence tending to show that he was traveling at a reasonable rate of speed. All agree that the collision occurred at or near the center of the intersection. It is not asserted that the view of the drivers was obstructed. The jury might find from the evidence that one of the vehicles negligently entered the intersection when warned not to do so by a red light, but the operator of the other vehicle, by exercising a proper look-

out, could and should have seen the disobedience to the signal command in time to avoid the collision. If so, the failure to maintain a proper lookout proximately causing damage created liability. *Marshburn v. Patterson*, 241 N.C. 441, 85 S.E. 2d 683; *Cox v. Freight Lines*, 236 N.C. 72, 72 S.E. 2d 25; *Ward v. Bowles*, 228 N.C. 273, 45 S.E. 2d 354. The jury could, in its attempt to resolve the conflicts in the testimony, find that the operator of each motor vehicle was negligent, and that the negligence of each contributed to the collision and resulting damage. Hence, appellant's motion to nonsuit at the conclusion of all of the evidence was properly overruled.

It is not necessary to consider or discuss appellant's exceptions and assignments of error relating to the charge.

No exception has been taken to the judgment obtained by the plaintiff, Millicent T. Norris, against King David Johnson. That portion of the judgment is not under attack. It stands unaffected by the appeal.

The rights of appellant Norris and appellee Johnson must be determined at a trial where each is permitted to assert his claim and his defense. On the appeal of defendant Norris there is

Error.