RICHARD CHARLES BELL v. MISS LUCY LACEY, LARRY CECIL CHRISTOPHER AND VINCENT WALTER CHRISTOPHER.

(Filed 17 September, 1958.)

**1. Torts § 6—**

Right of contribution between joint tort-feasors who are in *pari delicto* did not exist at common law but is purely statutory and is dependent upon the terms and conditions of the statute. G.S. 1-240.

**2. Same—**

A party injured as a result of negligence of joint tort-feasors may sue any one of them separately, or any or all of them together.

**3. Same: Automobiles §§ 35, 48—**

When a party elects to sue one joint tort-feasor but not others, those not joined are not necessary parties and plaintiff cannot be compelled to pursue them, but the original defendant may have them joined under G.S. 1-240 for the purpose of determining liability as between themselves and may file a cross-action against them, even though the plaintiff may be delayed thereby in securing his relief, but the original defendant may not rely upon any liability to plaintiff of an additional defendant he has brought into the action and must recover on his cross-action, if at all, upon the liability of such additional defendant to him.

**4. Same—**

Where plaintiff sues all joint tort-feasors and states a cause of action against all of them, the defendants may set up as many defenses and counterclaims as they may have arising out of the causes of action set out in the complaint, G.S. 1-137, G.S. 1-138, but they may not maintain cross-actions for damages as between themselves which involve affirmative relief not germane to plaintiff's action, even though the counterclaims arise out of the same transactions upon which plaintiff's action is bottomed.

PARKER, J., took no part in the consideration or decision of this case.

APPEAL by the defendants Larry Cecil Christopher and Vincent Walter Christopher from *Craven*, Special Judge, July "A" Term 1958 of BUNCOMBE.

This action was instituted on 18 April 1958 by the plaintiff against Miss Lucy Lacey and the appellants as codefendants, in which the plaintiff is seeking damages for personal injuries from the defendants, as a result of an automobile collision between cars operated by Miss Lacey and the defendant Larry Cecil Christopher, which collision the plaintiff alleges caused the car owned by Vincent Walter Christopher and driven by Larry Cecil Christopher, to be propelled into the car driven by the plaintiff, resulting in damage to the car plaintiff was driving and serious personal injuries to him.

An examination of the record in this case reveals that the plaintiff's car was being driven in an easterly direction on U. S. Highway No. 19, which is a 4-lane highway, in the extreme southern lane thereof; that immediately prior to the collision the Christopher car was being operated in a westerly direction on said highway, in a northern lane thereof, and the Lacey car was being driven in a southerly direction, coming out of a private driveway from the Bennett & Felmet Service Station, located on the north side of U. S. Highway No. 19, in Buncombe County, North Carolina.

The defendant Miss Lacey filed a cross-action for contribution against her co-defendants, as provided in G.S. 1-240.

The appellants filed what is denominated a "reply to the answer of Miss Lucy Lacey," and set up a cross-action and counterclaim, seeking to recover property damages and for personal injuries against their co-defendant Miss Lacey. Miss Lacey moved to strike the cross-action and the counterclaim of her co-defendants, the appellants herein, and the motion was allowed. The defendants Christopher appeal, assigning error.

*Harkins, Van Winkle, Walton & Buck for appellee.*
*Williams & Williams for appellants.*

DENNY, J. This appeal presents for determination this question: May one or more of the original defendants in a tort action, growing out of an automobile collision, maintain a cross-action against an original co-defendant for damages arising out of the same collision? According to the decisions of this Court the answer must be in the negative.

At common law, no right of contribution existed between or among joint tort-feasors who were in *pari delicto*. The right is purely statutory with us and its use necessarily depends upon the terms and provisions of the statute. G.S. 1-240; *Potter v. Frosty Morn Meats, Inc.*,

242 N.C. 67, 86 S.E. 2d 780; *Tarkington v. Printing Co.*, 230 N.C. 354, 53 S.E. 2d 269; *Evans v. Johnson*, 225 N.C. 238, 34 S.E. 2d 73; *Wilson v. Massagee*, 224 N.C. 705, 32 S.E. 2d 335, 156 A.L.R. 922; *Godfrey v. Tidewater Power Co.*, 223 N.C. 647, 27 S.E. 2d 736, 149 A.L.R. 1183. The purpose and intent of the statute is to permit defendants in tort actions to litigate *mutual contingent liabilities* before they have accrued. *Evans v. Johnson, supra; Lackey v. R.R.*, 219 N.C. 195, 13 S.E. 2d 234; *Mangum v. R.R.*, 210 N.C. 134, 185 S.E. 644. The provision for this procedure was made so that all matters in controversy growing out of the same subject of action may be settled in one action, *Read v. Roofing Co.*, 234 N.C. 273, 66 S.E. 2d 821; *Evans v. Johnson, supra; Freeman v. Thompson*, 216 N.C. 484, 5 S.E. 2d 434, and such procedure is permissable, although a plaintiff in the action may be delayed in securing his remedy. *Montgomery v. Blades*, 217 N.C. 654, 9 S.E. 2d 397.

When negligence is joint and several, the injured party may elect to sue either of the joint tort-feasors separately, or any or all of them together. *Jones v. Elevator Co.*, 231 N.C. 285, 56 S.E. 2d 684; *Godfrey v. Tidewater Power Co., supra; Charnock v. Taylor*, 223 N.C. 360, 26 S.E. 2d 911, 148 A.L.R. 1126; *Watts v. Lefler*, 194 N.C. 671, 140 S.E. 435; *Raulf v. Light Co.*, 176 N.C. 691, 97 S.E. 236; *Hipp v. Farrell*, 169 N.C. 551, 86 S.E. 570.

When a plaintiff elects to sue one or more joint tort-feasors, but not all of them, the others are not necessary parties and plaintiff cannot be compelled to pursue them. *Denny v. Coleman*, 245 N.C. 90, 95 S.E. 2d 352. Nor can an original defendant in such action use G.S. 1-240 to compel plaintiff to join issue with a defendant he has not elected to sue. In such case, if an original defendant avails himself of the provisions of the statute for contribution, he cannot rely upon any liability of the party he has brought in to the original plaintiff, but must recover, if at all, upon the liability of such party to him. *Charnock v. Taylor, supra.*

This Court has uniformly held that where all the joint tort-feasors are brought in by a plaintiff and a cause of action is stated against all of them, such defendants under our statutes, G.S. 1-137 and G.S. 1-138, are permitted to set up in their respective answers as many defenses and counterclaims as they may have arising out of the causes of action set out in the complaint. However, they are not allowed to set up and maintain cross-actions as between themselves which involve affirmative relief not germane to the plaintiff's action. *Wrenn v. Graham*, 236 N.C. 719, 74 S.E. 2d 232. This is so, notwithstanding the fact that the defendants' claim for damages may have arisen out of the same set of circumstances upon which the plaintiff's action is bottomed.

23 — 248

The cross-action sought to be maintained by the appellants herein is not germane to the plaintiff's cause of action, and in no aspect is it essential to a complete determination of the plaintiff's cause of action.

*In Montgomery v. Blades, supra, Devin, J.* (later C.J.), in speaking for the Court, said: "The general rule seems to have been established by the decisions of this Court that one defendant, jointly sued with others, may not be permitted to set up in the answer a cross-action not germane to the plaintiff's action. A cause of action arising between defendants not founded upon or necessarily connected with the subject matter and purpose of the plaintiff's action should not be engrafted upon the action which the plaintiff has instituted. In order that a cross-action between defendants may be properly considered as a part of the main action, it must be founded upon and connected with the subject matter in litigation between the plaintiff and the defendants (citing numerous authorities).

"Section 602 of the Consolidated Statutes (now G.S. 1-222) provides that 'judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants, and it may determine the ultimate rights of the parties on each side, as between themselves.' This permits the determination of questions of primary and secondary liability between joint tort-feasors, but it may not be understood to authorize the consideration of cross-actions between defendants as to matters not connected with the subject of the plaintiff's action."

The decision in *Montgomery v. Blades, supra,* with respect to cross-actions, has been upheld and cited with approval in many cases, among them being, *Schnepp v. Richardson,* 222 N.C. 228, 22 S.E. 2d 555; *Moore v. Massengill,* 227 N.C. 244, 41 S.E. 2d 655, 170 A.L.R. 147; *Horton v. Perry,* 229 N.C. 319, 49 S.E. 2d 734; *Fleming v. Light Co.,* 229 N.C. 397, 50 S.E. 2d 45; *Clothing Store v. Ellis Stone Co.,* 233 N.C. 126, 63 S.E. 2d 118; *Wrenn v. Graham, supra; White v. Keller,* 242 N.C. 97, 86 S.E. 2d 795; *Amusement Co. v. Tarkington,* 247 N.C. 444, 101 S.E. 2d 398; *Clark v. Freight Carriers,* 247 N.C. 705, 102 S.E. 2d 252.

On the other hand, where the plaintiff does not bring his action against all the joint tort-feasors, and an original defendant sets up a cross-action against a third party and has him brought in as an additional party defendant, under the provisions of G.S. 1-240, for contribution, such original defendant makes himself a plaintiff as to the additional party defendant. *Wrenn v. Graham, supra.*

Ordinarily, such additional party defendant has no cause of action stated against him except that asserted in the cross-action and set out in the cross-complaint. Hence, the additional party defendant is under no obligation to answer any allegations in the original com-

plaint, but only those alleged against him in the cross-complaint. Consequently, in answering such cross-complaint, the statutes give him the right to set up his defenses or to assert a counterclaim for affirmative relief against his co-defendant who filed the cross-complaint against him. The plaintiff in such an action runs the risk of having this method of procedure used whenever he elects to sue less than all the joint tort-feasors involved in the alleged tortuous act. *Norris v. Johnson,* 246 N.C. 179, 97 S.E. 2d 773; *Grant v. McGraw,* 228 N.C. 745, 46 S.E. 2d 849; *Powell v. Smith,* 216 N.C. 242, 4 S.E. 2d 524. Cf. *Morgan v. Brooks,* 241 N.C. 527, 85 S.E. 2d 869.

The ruling of the court below, striking out the appellants' cross-action, must be upheld. Even so, they may institute an independent action against their co-defendant, Miss Lacey, if so advised.

Affirmed.

PARKER, J., took no part in the consideration or decision of this case.