LOIS FAIRCLOTH v. WILLIAM ADAMS BENNETT, a MINOR APPEARING HEREIN BY HIS GUARDIAN AD LITEM, JOHN WEBB, AND V. B. BENNETT, ORIGINAL DEFENDANTS; AND D. W. FAIRCLOTH, ADDITIONAL DEFENDANT.

(Filed 11 January 1963.)

**1. Automobiles § 48—**

If a passenger in a vehicle is injured as a result of concurring negligence on the part of both drivers involved in the collision, the passenger may recover from either one or both.

**2. Automobiles §§ 17, 46—**

A motorist faced with a green traffic signal does not have the unqualified right-of-way but remains under duty to maintain a proper lookout and may be negligent in striking another car entering the intersection in disobedience of the signal if he could and should have seen such other car in time to have avoided the collision, or if he enters the intersection at excessive speed in consideration of his obstructed view and the attendant circumstances, and when the evidence presents the question of negligence in these respects an instruction to the effect that the green light gave the driver the right to proceed in a lawful manner in his direction of travel, without qualification, must be held for prejudicial error.

**3. Automobiles § 46—**

Where there is no evidence that either driver stopped, an instruction that, if either was confronted by an emergency created by the stopping of the other, the driver confronted with the emergency should not be held to the prudence ordinarily required, must be held for prejudicial error as tending to confuse the jury by instructions on a principle of law not presented by the evidence.

APPEAL by the plaintiff from *Copeland, S.J.,* March 1962 Civil Term of WILSON.

Plaintiff, a passenger in the Buick automobile owned and operated by her husband, the additional defendant D. W. Faircloth, seeks to recover damages from the original defendants, William Adams Bennett and V. B. Bennett, for injuries she suffered when the Plymouth automobile owned by V. B. Bennett for family purposes and operated by

her seventeen-year-old son, W. A. Bennett, collided with the Faircloth Buick within an intersection in Nashville, North Carolina, about 9:00 a.m. on April 24, 1960. Upon appropriate allegations and motion by the original defendants, D. W. Faircloth was made an additional party defendant for contribution pursuant to G.S. 1-240. He answered and asserted a counterclaim for damages to his automobile. V. B. Bennett answered the counterclaim and set up a cross action against D. W. Faircloth for damages to her station wagon. The judge, *ex mero motu*, severed the plaintiff's action for damages from the counterclaims which the defendants asserted against each other. This appeal involves only the plaintiff's suit.

North Carolina Highways Nos. 58 and 64 intersect at right angles in the town of Nashville. The intersection is controlled by an electrically-operated traffic light which is green for one highway when red for the other. The Faircloth automobile, traveling north on Highway No. 58, and the Bennett automobile, traveling west on Highway No. 64, approached the intersection at approximately the same time. Each driver's view of the other's approach was partially obstructed by a large residence in the southeast corner of the intersection. This house was forty to fifty feet from Highway No. 58, and somewhat closer to Highway No. 64. Some large trees and shrubbery grew in front of the house. The posted speed limit for the area was thirty-five miles per hour.

The front of the Bennett automobile collided with the right rear of the Faircloth vehicle in the northeast quadrant of the intersection when the front of the Faircloth car was out of the intersection. The debris was approximately five to six feet from the northeast corner of the intersection. The additional defendant Faircloth testified that he entered the intersection at a speed of about twenty-five miles per hour and that he never saw the car which hit him. William Adams Bennett testified that he first saw the Faircloth car the instant before he hit it. He said he was going "maybe 25 or 30, 25 — something like that, between 20 and 30 miles an hour." The collision turned the Faircloth Buick back in the direction from which it had come. The Bennett Plymouth stopped about a car's length west of the debris after it had made twenty-seven feet of solid black skid marks east of the debris. Each driver strenuously contended that a green light faced him when he entered the intersection and that the other "ran the red light."

The jury's answer was NO to the first issue: Was plaintiff Lois Faircloth damaged by the negligence of the defendant William Adams Bennett, as alleged in the complaint? The issues pertaining to damage and the negligence of the additional defendant were not answered. From a judgment dismissing her action, the plaintiff appealed assigning errors in the court's charge to the jury.

*Gardner, Connor & Lee by Raymond M. Taylor for plaintiff, appellant.*

*Lucas, Rand and Rose for defendant, appellees.*

SHARP, J.   Plaintiff's first assignment of error is to the following portion of the charge enclosed within parentheses:

> "And the plaintiff also alleges that the defendant failed to yield the right-of-way to the Faircloth automobile. (And in connection with the word 'right-of-way,' the Court charges you as follows: that in this case the vehicle that had the green light with it had the right-of-way. And the term 'right-of-way' as used means the vehicle having the right-of-way had the right to proceed uninterrupted, in a lawful manner, in the direction in which it is moving in preference to another vehicle approaching from a different direction into its path.)"

Plaintiff argues that, while this instruction may be correct as far as it goes, it is incomplete and oversimplified as applies to the facts of her case. Plaintiff was a guest passenger, injured in a two-car collison. She has not been charged with contributory negligence. If the negligence of both drivers proximately contributed to her injuries she may recover from either or both. *White v. Realty Co.*, 182 N.C. 536, 109 S.E. 564; *Darroch v. Johnson*, 250 N.C. 307, 108 S.E. 2d 589. However, she herself has sued only the defendants Bennett.

The collision in question occurred when the Faircloth vehicle was leaving the intersection. Each party offered evidence that at the time the vehicle in which he was riding entered the interesection the light facing it was green. Each offered evidence that his vehicle was traveling within the posted speed limit. Each driver testified that his view of the approach of the other was obstructed. As *Rodman, J.* said with reference to a similar factual situation in *Norris v. Johnson*, 246 N.C. 179, 97 S.E. 2d 773: "The jury might find from the evidence that one of the vehicles negligently entered the intersection when warned not to do so by a red light, but the operator of the other vehicle, by exercising a proper lookout, could and should have seen the disobedience to the signal command in time to avoid the collision." In addition, in the instant case, the jury might have found that the defendant's speed, as he approached the intersection, was greater than was reasonable and prudent considering the obstructed view to his left and that, had his speed been reasonable, he could and should have avoided the collision even though the Faircloth Buick entered the intersection on a red light.

In attempting to resolve the conflicting evidence in this case the jury could have found that the negligence of both Faircloth and Bennett contributed to the collision and plaintiff's injuries.

The judge, in his charge on the first issue, nowhere specifically applied the law to this aspect of the case. He charged the jury generally that if the defendant failed to keep a proper lookout, or failed to drive at a rate of speed which was reasonable under the conditions existing, or if he failed to use due care to avoid colliding with the Faircloth vehicle and such failure was one of the proximate causes of the collison, it would answer the first issue YES. However, he never related these instructions specifically to the hypothesis that the defendant entered the intersection on a green light. He likewise never told the jury that if it found that the negligence of the original defendants and the additional defendant contributed to plaintiff's injuries it would answer the first issue YES. We think that the unqualified instruction quoted above may have lead the jury into the erroneous belief that the driver facing the green light had the unqualified right of way. *Hyder v. Battery Co.*, 242 N.C. 553, 89 S.E. 2d 124. Plaintiff's first assignment of error must be sustained.

The evidence was that neither the Buick nor the Plymouth stopped before the collision. Nevertheless, the judge charged the jury as follows:

"The Court instructs that if either of the drivers was confronted by an emergency created by the negligence of another in suddenly stopping, if that be found by you, that person isn't held to the prudence required ordinarily."

The court gave no further explanation of the doctrine of sudden emergency which, indeed, was not applicable to the evidence in this record. We think this isolated instruction, unsupported by any evidence, must have been confusing to the jury.

The other assignments of error relate to issues which the jury did not answer and require no discussion.

On the second trial of plaintiff's case the judge may see fit to submit to the jury the defendants' counterclaims. In the event the jury should find that the plaintiff was injured by the negligence of defendant Bennett and that the negligence of additional defendant Faircloth concurred, neither Bennett nor Faircloth could recover damages from the other. In the event the jury found that plaintiff was injured by the sole negligence of Bennett, Faircloth would be entitled to recover damages for the injury to his automobile. In the event the jury should again answer the first issue NO, for either Faircloth or Bennett to recover from the other, he would have to satisfy the jury by the greater

weight of the evidence that the negligence of the other was the sole proximate cause of the collision.

New trial.