MARGARET K. SMITH v. OSCAR RAYMOND WHISENHUNT, SR., Individually and as Guardian Ad Litem for OSCAR RAYMOND WHISENHUNT, JR., Original Defendants, and RUBY WALLACE, Additional Defendant.

(Filed 10 April 1963.)

1. Torts §§ 4, 6—

   Where the original defendants have an additional defendant joined for contribution, the original defendants become plaintiffs in regard to their claim for contribution and have the burden of proof thereon.

2. Same—

   When the jury returns judgment for plaintiff against the original defendants in a trial free from prejudicial error, but is unable to agree

upon the issue of whether the additional defendant's negligence contributed to plaintiff's damages as alleged in the original defendants' cross action, the court properly enters judgment for plaintiff against the original defendants and orders the issue of contribution to be tried at a later date.

APPEAL by original defendants from *Gambill, J.,* September 24, 1962 Term, FORSYTH Superior Court.

The plaintiff brought this suit against Oscar Raymond Whisenhunt, Sr., owner, and his minor son, Oscar Raymond Whisenhunt, Jr., driver, of the family purpose Chevrolet sedan which collided with plaintiff's 1955 Ford, parked on the street in front of her home, causing $500.00 property damage.

The original defendants by answer admitted the collision, but alleged the Whisenhunt vehicle was in a prior collision with an automobile driven by Ruby Wallace and as a result the defendants' vehicle was damaged, and continued out of control for a considerable distance before it struck the plaintiff's Ford sedan. The defendants in their answer allege the collision was proximately caused by the negligence of Ruby Wallace who, on their motion, was made an additional party defendant against whom they filed a counterclaim for purposes of contribution if the original defendants were found liable, for $750.00 damages to the Whisenhunt vehicle and $5,000.00 for the personal injury of Whisenhunt, Jr.

The additional defendant filed an answer to the cross action, denied negligence on her part, alleged the collision was caused by the negligence of Whisenhunt, Jr., on account of which she claimed property damage of $300.00 and $2,500.00 punitive damages for causing the wreck. On plaintiff's motion the court struck the counterclaims the defendants filed against each other, except the original defendants' claim for contribution.

All parties introduced evidence. The court submitted, without objection, these issues:

"1.  Was the plaintiff, Margaret K. Smith, damaged by negligence of the defendants Oscar Raymond Whisenhunt, Jr., and Oscar Raymond Whisenhunt, Sr.?

"2.  What amount, if any, is the plaintiff, Margaret K. Smith, entitled to recover of the defendants Oscar Raymond Whisenhunt, Jr., and Oscar Raymond Whisenhunt, Sr.?

"3.  Did Ruby Wallace by her negligence contribute to the plaintiff's damages, as alleged in the cross action?"

The jury, after long deliberation and a number of requests for further instructions, finally reported they were agreed on their answers to the first two issues but were hopelessly deadlocked on the third issue. Whereupon the court accepted the verdict in which the jury answered the first issue, yes, and the second issue, $500.00. The court ordered a mistrial on the third issue, entered judgment that the plaintiffs recover from the original defendant the sum of $500.00. The court ordered the contribution issue continued for trial at a later date. The original defendants appealed.

*Hudson, Ferrell, Petree, Stockton, Stockton & Robinson by Norwood Robinson, for original defendants, appellants.*

*Deal, Hutchins and Minor by Fred S. Hutchins and Edwin T. Pullen for Ruby Wallace defendant appellee.*

*Elledge and Mast by David P. Mast, Jr., for plaintiff appellee.*

HIGGINS, J. The evidence was ample to show the plaintiff's damage. On that issue the record does not disclose error. The evidence of negligence on the part of the original defendants as a proximate cause, or one of the proximate causes, of plaintiff's damage, was likewise ample. On that issue the record fails to disclose error. The jury's findings entitled the plaintiff to judgment against the original defendants.

When the original defendants brought the additional defendant into the plaintiff's case they became plaintiffs with the burden of proving their contribution claim. *Bell v. Lacey,* 248 N.C. 703, 104 S.E. 2d 833. Since the plaintiff had asserted a claim against the Whisenhunts only, she was disinterested in the outcome on the contribution issue. *Pearsall v. Power Co.,* 258 N.C. 639, 129 S.E. 2d 217; *Norris v. Johnson,* 246 N.C. 179, 97 S.E. 2d 773.

In the *Pearsall* case the plaintiff obtained judgment against the original defendant. However, the jury found for the additional defendant on the issue of contribution. The original defendant paid the judgment and appealed. This Court, finding error, granted a new trial as to contribution. The plaintiff was not a party to that appeal. In this case the jury, having failed to agree as to contribution, the court ordered the issue retried. The judgment entered in the Superior Court is affirmed.

The motion in the Supreme Court to dismiss the appeal is denied. Motion under G.S. 6-21.1 to tax attorney's fee for the appeal is denied. Attorney's fees are discretionary in the trial court.

Affirmed.