BOBBY EDWARDS, BY HIS NEXT FRIEND, C. E. EDWARDS, v. LARRY JENKINS.

(Filed 10 January, 1958.)

**1. Process § 15—**

Abuse of process consists of the existence of an ulterior purpose and an act in the use of process not proper in the regular prosecution of a proceeding.

2. **Same—**

Ulterior motive or bad intention does not give rise to a cause of action for abuse of process when the process is used in the proper and regular prosecution of the proceeding.

3. **Evidence § 29—**

An acquittal in a criminal prosecution does not constitute evidence of innocence in a subsequent civil action based on the criminal act.

4. **Assault and Battery § 3: Pleadings § 10: Process § 16—**

In an action to recover damages for a wilful, wanton and malicious assault, defendant may be arrested, G.S. 1-410, and defendant may not set up a counterclaim for abuse of process upon allegations that plaintiff had had him arrested for the purpose of making defendant pay the damages claimed for the alleged wanton and wilful assault, and that defendant had been found not guilty in a prior criminal action based on the same assault, and demurrer to such counterclaim is properly sustained.

5. **Appeal and Error § 6—**

Where demurrer is sustained to defendant's counterclaim, defendant's appeal from judgment of the court allowing the motion to strike certain allegations of the counterclaim becomes academic.

6. **Pleadings § 31—**

Where plaintiff's complaint describes his injuries in detail, allegations of the answer that defendant had been unable to obtain information in regard to the extent of the injury and that plaintiff had unlawfully withheld such information, are properly stricken on motion.

APPEAL by defendant from *Craven, S.J.,* 31 May 1957 Term of ALAMANCE.

Civil action to recover damages for a wilful, wanton, and malicious assault with a rifle on plaintiff by defendant, heard on plaintiff's motion to strike paragraph five of defendant's answer, and all of his further answer and defense and counterclaim, and on plaintiff's written demurrer to defendant's further answer and defense and counterclaim.

From an order of the court allowing the motion to strike in part and denying it in part, and from another order of the court sustaining the demurrer, defendant appeals.

*John D. Xanthos for Defendant, Appellant.*
*Long, Ridge, Harris & Walker for Plaintiff, Appellee.*

PARKER, J. This is a summary of defendant's further answer and defense and counterclaim:

Defendant is a law abiding citizen, and had been living with his wife and one-year-old daughter at 221 Border Street, Burlington, North Carolina, about one week prior to 6 October 1956. He had been informed of several break-ins, and other riotous

conduct, by juveniles in his neighborhood. About 7:30 p. m. on 6 October 1956, he was sitting in his living room, and heard a noise on the back porch of his home, and heard someone turn the doorknob on his back door. He investigated, and returned to his living room. Shortly thereafter he heard a scraping noise along the outside walls of his home, and heard someone tampering with the oil drum. He got his rifle, went outside in the rainy, dark night, heard someone running alongside his house, and fired his rifle in the ground to make the person halt. Any injury suffered by plaintiff was due to his negligent and criminal acts.

The next friend of Bobby Edwards has threatened to kill, and attempted to frighten defendant. He was arrested on a charge of assaulting Bobby Edwards with a deadly weapon, tried on this charge in the Municipal Court of the City of Burlington, and found Not Guilty.

In this action plaintiff had the defendant arrested, and he was held in custody by the Sheriff of Alamance County until he gave bail. That as he was acquitted of assaulting plaintiff in the Municipal Court of the City of Burlington, his arrest in this action was an abuse of process, which arrest and abuse of process has greatly damaged him in his good name and reputation in the amount of $1,000.00. That his arrest in this civil proceeding was done with the sole purpose of making him submit to the unlawful demands of plaintiff and his father. That plaintiff has always been behind in his studies and has a bad reputation in school and elsewhere.

Wherefore, defendant prays that he recover damages of plaintiff in the sum of $1,000.00, that plaintiff's written undertaking, as required by G.S. 1-412, be increased to $1,000.00, etc.

Plaintiff demurred in writing to defendant's further answer and defense and counterclaim on three grounds: One, in it no facts are alleged which entitle defendant to any recovery against plaintiff; two, it alleges no cause of action against plaintiff, because it appears on its face that the arrest of defendant was under legal process as provided by law in such cases; and three, there is a misjoinder of causes of action in that the counterclaim is not connected with the subject of plaintiff's action.

G.S. 1-410 provides that a defendant may be arrested in a civil action "for the recovery of damages on a cause of action not arising out of contract where the action is for wilful, wanton or malicious injury to person. . . ."

Proceeding under this statute plaintiff had the defendant arrested for an alleged wilful, wanton or malicious assault and battery with a rifle on him by the defendant. This Court said in *Finance Co. v. Lane*, 221 N.C. 189, 19 S.E. 2d 849: "There is no abuse of process where it is confined to its regular and

legitimate function in relation to the cause of action stated in the complaint. . . . As we have stated, the defendant has alleged that the plaintiff had an ulterior purpose in the institution and prosecution of the original action, but there is no allegation of any act done by the plaintiff which could be classified as abuse of process. Mere adjectival denunciation will not be sufficient. Facts must be alleged upon which the court could determine that the gravamen of his action is of that character."

"An abuse of process consists in its employment or use for some unlawful purpose, which it was not intended by the law to effect, and amounts to a perversion of it." *Wright v. Harris,* 160 N.C. 542, 76 S.E. 489.

"However, the only essential elements of abuse of process are: First, the existence of an ulterior purpose and, second, an act in the use of the process not proper in the regular prosecution of the proceeding." *Barnette v. Woody,* 242 N.C. 424, 88 S.E. 2d 223.

In *Melton v. Rickman,* 225 N.C. 700, 36 S.E. 2d 276, the Court, quoting from 1 Cooley, Torts, 3rd Ed., p. 354, said: "Regular and legitimate use of process, though with a bad intention, is not a malicious abuse of process."

Defendant in his counterclaim has alleged no oppressive treatment of himself while in custody under the order of arrest. Neither has he alleged in his counterclaim that anything was done abnormally or out of the ordinary in his arrest in this proceeding.

The defendant alleges that as he was acquitted of assaulting plaintiff in the Municipal Court of the City of Burlington, his arrest in this action was an abuse of process. "Where the same acts or transactions constitute a crime and also give a right of action for damages or for a penalty, the acquittal of defendant when tried for the criminal offense is no bar to the prosecution of the civil action against him, nor is it evidence of his innocence in such action." 50 C.J.S., Judgments, p. 272, where numerous cases from many jurisdictions are cited, which support the text, and the 1957 Cumulative Annual Pocket Part cites many more cases from many jurisdictions to the same effect.

Annotations in 31 A.L.R., p. 270, *et seq.* and in 18 A.L.R. 2d, p. 1315, *et seq.* list numerous cases from many jurisdictions, which have applied the rule that an acquittal in a criminal prosecution does not constitute evidence of innocence in a subsequent civil action based on the criminal act.

When defendant's allegations are considered in the light of the above principles of law, it becomes apparent that he has not alleged a cause of action for abuse of process.

EDWARDS *v.* JENKINS.

See *Insurance Co. v. Smathers,* 211 N.C. 373, 190 S.E. 484, which was an action to foreclose a deed of trust. A receiver was appointed to hold the rents and profits from the property pending the sale, in accord with plaintiff's prayer. Defendant set up a counterclaim in his answer alleging that the appointment of the receiver was illegal and void, and resulted in damage to defendant in injuring him in his character, reputation and financial standing. The Court said: "The counterclaim is a tort action. We do not think, under our most liberal and elastic code practice, it can be set up in the present action. If defendant has a cause of action in tort for abuse of process, he must bring a separate action."

The trial court having correctly sustained plaintiff's written demurrer to defendant's further answer and defense and counterclaim, the question as to whether it committed error in its former order in striking out part of defendant's further answer and defense and counterclaim is academic.

Paragraph 5 of plaintiff's complaint describes in detail the wound inflicted on his left foot when the defendant fired on him with a rifle or shotgun, and alleges his pain and suffering, his being taken to a hospital, his treatment there, his confinement at home causing him to miss school, and that his injuries are serious and permanent. Paragraph 5 of defendant's answer is as follows: "(That notwithstanding repeated efforts on the part of the defendant to obtain information from the plaintiff regarding any injury said plaintiff may have suffered the said plaintiff has failed, refused and unlawfully withheld any such information to the extent that this defendant is unable to answer properly the allegations contained in paragraph 5 of the complaint, but notwithstanding this effort on the part of the plaintiff to frustrate and confuse the defendant,) the defendant says that the allegations contained in said paragraph are untrue and exaggerated and are therefore, denied." Plaintiff made a motion to strike that part of defendant's paragraph 5 of the answer in parentheses. The order of the court allowing the motion to strike is correct.

The order below allowing plaintiff's motion to strike part of paragraph 5 of defendant's answer, and the order sustaining plaintiff's written demurrer to defendant's further answer and defense and counterclaim are

Affirmed.