DORIS ETHERIDGE, ADMINISTRATRIX OF THE ESTATE OF CHARLIE HORACE BORDEAUX v. CAROLINA POWER & LIGHT COMPANY (DEFENDANT) AND SWIFT & COMPANY (ADDITIONAL DEFENDANT).

(Filed 14 January, 1959.)

**1. Torts § 6—**

When an injured party elects to sue some but not all of the tort-feasors responsible for his injuries, those sued have a right to bring the other wrongdoers in for contribution, and the original defendant then becomes a plaintiff on the cross-action in relation to such additional defendants.

**2. Same—**

In order for the original defendant to be entitled to the joinder of an additional defendant for contribution, the original defendant must allege facts sufficient to establish the right to contribution, and motion of the additional defendant to strike such cross-action for contribution is in effect a demurrer thereto.

**3. Appeal and Error §§ 3, 16—**

Rule 4(a) of this Court has no application when the order striking a portion of the pleading is in effect the granting of a demurrer on the ground that the facts alleged are insufficient to constitute a cause of action, and an appeal will lie from such order under G.S. 1-277.

**4. Torts § 6— Allegations of answer held sufficient predicate for joinder of additional party for contribution.**

Plaintiff sued a power company for the wrongful death of her intestate resulting when intestate came in contact, in the course of his employment with a construction company, with a wire negligently erected by defendant at a place endangering workmen on the construction job. Defendant alleged that its customer agreed with its construction company to furnish the construction company electricity needed to perform the job, that the construction company, as agent for the customer, requested defendant to erect the transmission line, and designated where the line should be run. On these allegations, the power company had the customer joined as additional party defendant for contribution. *Held:* The allegations were sufficient to support the claim for contribution, and it was error to grant the motion of such additional defendant to strike such allegations.

**5. Pleadings § 30—**

An additional defendant, joined for contribution, has no standing to move to strike from the answer defenses asserted by the original defendant to plaintiff's claim.

**6. Same—**

Where the answer alleges the facts in regard to intestate's actions, relied on as a defense to recovery, first under the designation of contributory negligence, repetitions of such facts, designated as defenses under the doctrine of assumption of risk and *volenti non fit injuria*, are properly stricken, since the rights of the parties are to be de-

termined in accordance with the facts alleged and proven and not the designation given the defense.

**7. Pleadings § 7—**

> The answer must state in a plain and concise manner the facts constituting an affirmative defense, without unnecessary repetitions. G.S. 1-135.

APPEAL by Carolina Power & Light Company from *Seawell, J.*, January 1958 Civil Term, of COLUMBUS.

Plaintiff seeks compensation for personal injuries to and the death of her intestate, hereinafter referred to as Bordeaux, resulting from the asserted negligence of Carolina Power & Light Company, hereafter designated as Power Company. Plaintiff alleges these facts: Swift & Company, hereafter designated as Swift, owned and operated a fertilizer plant in New Hanover County. It contracted with Leonard Construction Company, hereafter designated as Construction Company, for the erection of certain structures including a cooling tower at its fertilizer plant. Bordeaux was employed as a welder by Construction Company. In the course of his employment in erecting the cooling tower he came in contact with a wire of Power Company carrying 11,000 volts. This transmission line of Power Company was a temporary line intended to provide power and current to Construction Company. It was erected by Power Company at the request of Construction Company. Power Company, when it built the line, knew the location and expected height of the proposed structures. It built the line over the site on which the tower would be erected. The wires were uninsulated and inadequate in height. Power Company failed to make proper inspections of this temporary transmission system.

Power Company answered. It denied the allegations of negligence. It asserted these additional affirmative defenses: (1) contributory negligence by Bordeaux; (2) assumption of risk by Bordeaux; (3) concurrent negligence of Swift and Construction Company as the intervening proximate cause of Bordeaux's death; (4) negligence by Construction Company proximately contributing to Bordeaux's death, thereby effectually barring it and its insurance carrier from receiving the amounts paid or payable under the Workmen's Compensation Statutes because of Bordeaux's death. In addition to the defenses asserted, it seeks affirmative relief, by way of contribution, against Swift if it is adjudged liable to plaintiff.

Based on the allegations of the answer, Swift was made an additional defendant. It moved to strike portions of the answer asserting affirmative defenses against plaintiff and all of the cross-action form-

ing the basis for contribution and to dismiss the action as to it. Its motion was allowed. Power Company excepted and appealed.

Plaintiff moved to strike from the answer the allegations constituting the plea of assumption of risk and the plea of intervening negligence proximately causing Bordeaux's death. Plaintiff's motion was allowed as to the plea of assumption of risk and otherwise denied. Power Company excepted and appealed.

Power Company also applied for *certiorari.* The petition was allowed. The order allowing the writ provided the errors assigned should be heard with the appeal.

*James & James for plaintiff, appellee.*

*Proctor & Proctor and A. Y. Arledge for defendant, appellant, Carolina Power & Light Company.*

*Royce S. McClelland for additional defendant, appellee, Swift & Company.*

RODMAN, J.   When an injured party elects to sue some but not all of the tort-feasors responsible for his injuries, those sued have a right to bring the other wrongdoers in for contribution. G.S. 1-240. The original defendant then becomes as to the tort-feasors not sued a plaintiff. *Norris v. Johnson,* 246 N.C. 179, 97 S.E. 2d 773; *Wrenn v. Graham,* 236 N.C. 719, 74 S.E. 2d 232. The pleading filed by the original defendant must state facts which are sufficient to show that the original defendant is entitled to contribution from the additional defendant. If the facts alleged do not suffice to establish a right to contribution, the party or parties brought in as additional defendants are unnecessary parties and may on motion have the allegations stricken and the action dismissed as to them. *Hayes v. Wilmington,* 239 N.C. 238, 79 S.E. 2d 792, s.c., 243 N.C. 525, 91 S.E. 2d 673. The motion is in effect a demurrer for failure to state a cause of action, G.S. 1-127.

Rule 4(a) of this Court has no application when the order striking a portion of the pleading is in effect a demurrer denying the pleader a right to recover for failure to state facts sufficient to constitute a cause of action. Such an order comes within the provisions of G.S. 1-277 and the party adversely affected may appeal.

To entitle it to contribution, Power Company alleged in brief these facts: It generates and distributes electricity. It has for many years sold current to Swift at a potential of 11,000 volts. Swift maintained on its premises its own substation and distribution system, reducing the voltage as it desired by means of its own transformers. Swift agreed when it contracted with Construction Company to furnish the

latter with such electricity as might be needed in the erection of the tower and other buildings. Pursuant to the contract between Swift and Construction Company the latter, as agent for Swift, requested the Power Company to erect the new transmission line with proper transformers for Swift and as a part of its system. Power Company built this line for Swift. It was constructed at places designated and built in accordance with directions given it by the agent of Swift. The mere fact that Construction Company was Bordeaux's employer and was also agent for Swift in contracting for the erection of the transmission line did not afford Swift immunity from its negligence.

The allegations are, we think, sufficient to support a claim for contribution and to withstand a demurrer. It follows that there was error in striking the allegations of the answer constituting a cause of action against Swift for contribution.

Plaintiff seeks no relief from Swift. Hence it is not interested in any defenses asserted by Power Company to defeat plaintiff's claim. The order made on Swift's motion to strike facts alleged by Power Company as a defense was likewise erroneous. To what extent the facts alleged would, if established, constitute valid defenses need not now be determined.

Power Company as a defense alleged Bordeaux was a qualified electric welder acquainted with the hazards of electric transmission lines. He knew the line in question was energized at 440 volts. He had been warned about the dangers inherent in the line in question. He helped build the tower, bringing it in close proximity to the transmission line. He ignored the warnings given him and continued to work in a place of known danger. He performed his work in a careless manner without regard for his own safety. This conduct is asserted to constitute negligence barring recovery.

Immediately following this plea of contributory negligence Power Company alleged:

"That if the plaintiff's intestate was not guilty of contributory negligence in respect to his alleged injury, suffering, and death, as hereinbefore alleged, nevertheless the plaintiff is barred from a recovery herein under the doctrines of Assumed Risk and of *volenti non fit injuria*, in that the plaintiff's intestate knew or should have known of the existence of said electric line and of the highly dangerous current which was, or was liable to be, thereon, and if the place where he was working was a dangerous place for him to do the work in which he was engaged, as the plaintiff alleges, which is denied, that he had full opportunity to know and did know and appreciate such dangers, and with such knowledge and appreciation of such alleged dangerous condition, and, not being under the force of compulsion so to

do, he voluntarily went into and worked in said dangerous place and exposed himself to the dangers then and there existing and he thereby assumed all the risks of injury which confronted him, and the defendant hereby pleads that the aforesaid doctrines of Assumption of Risk and *volenti non fit injuria* in bar and defense of a recovery herein."

The court on motion of plaintiff struck the quoted section. Power Company excepted and appealed and also applied for *certiorari* which was allowed. We need not now determine whether this assignment of error is decided as a question incident to and presented by the appeal, as was done in *Edwards v. Jenkins,* 247 N.C. 565, 101 S.E. 2d 410, or decided pursuant to the order allowing *certiorari.*

Notwithstanding the strenuousness with which counsel for the Power Company argue the question, we are of the opinion the order was properly entered.

Parties are not permitted to recover nor may a recovery be defeated by a *cognomen* or phrase fashioned to indicate in a general way the character of the action or defense. The rights of litigants are determined by facts admitted or proven. Pleadings are the vehicles used to put an opponent on notice of decisive facts which pleader will undertake to prove.

Our statutes are specific in directing "a plain and concise statement of the facts constituting a cause of action, without unnecessary repetition" when drafting a complaint, G.S. 1-122; and "in ordinary and concise language, without repetition" when stating an affirmative defense, G.S. 1-135.

The judgment is, as it relates to the motions made by
Swift & Company, Reversed.
Plaintiff, Affirmed.