ARLENA PEARSALL, PLAINTIFF v. DUKE POWER COMPANY, ORIGINAL DEFENDANT AND DAVID W. ELKINS AND IDA RUTH ELKINS ADDITIONAL DEFENDANTS.

(Filed 1 February 1963.)

**1. Appeal and Error § 4;    Torts § 6—**

Where the verdict fixes liability of the original defendant and exculpates the additional defendant, joined for contribution, the original

defendant may pay the judgment in favor of plaintiff and, without appealing therefrom, appeal from the judgment denying it the right to contribution. G.S. 1-240; G.S. 1-277.

**2. Automobiles § 8—**

The failure of a motorist to pass to the right of the center of an intersection in making a left turn at the intersection is negligence *per se* and is actionable if it proximately causes injury to another. G.S. 20-153(a).

**3. Automobiles § 18—**

An intersection is an area embraced within the prolongation of the lateral curb lines or, if none, then the lateral boundry lines of two or more highways which join one another at any angle, G.S. 20-38(1), and the center line of an intersection is the meeting point of the medial lines of the highways intersecting one another.

**4. Automobiles § 41h—**

Evidence that one defendant, in turning left at an intersection "cut the corner" and failed to pass to the right of the center of the intersection, so that the driver of a bus approaching the intersection from such defendant's left, upon having his attention called by the sounding of defendant's horn to the presence of such defendant's vehicle in a place where it had no right to be, stopped so suddenly to avoid collision that a passenger in the bus was thrown to her injury, *is held* sufficient to be submitted to the jury on the issue of such defendant's negligence.

**5. Automobiles § 46—**

Where all of the evidence tends to show that there were curb lines along the intersecting streets, the definition by the court of an intersection as "a prolongation of the lateral lines, if any, or the property, lines if any," must be held for prejudicial error, especially when an interrogation of a juror, properly interpreted, requests instructions as to the line of travel permitted by law to a motorist in making a left turn at an intersection, and the court fails to give instructions on this material point.

**6. Trial § 33—**

Where the instruction of the court on a material aspect of the case is incomplete and unclear, it is prejudicial error for the court to refuse to give further instructions upon the point in response to interrogation of a juror, even though the juror's question is not clearly phrased, it being the duty of the court to apply the law to the evidence on a material aspect even in the absence of a special request. G.S. 1-180.

APPEAL by defendant Duke Power Company from *Johnston, J.* February 5, 1962 Civil Term of GUILFORD, Greensboro Division.

Plaintiff brought this action against Duke Power Company, hereafter Duke, to recover compensation for injuries sustained while a passenger on a bus operated by Duke as a common carrier in Greensboro. Plaintiff was injured at or near the intersection of Asheboro and

Gorrell Streets. She entered the bus at the intersection of Asheboro and Murray Streets, approximately 460 feet south of the place where she was injured. When she entered, she gave the motorman a five dollar bill to be changed so she could pay her fare. The motorman handed her the change and put the bus in operation, going north on Asheboro Street. Having placed the fare in a box provided for that purpose, plaintiff started to a seat, but before she had an opportunity to find one the motorman applied his air brakes, making a sudden stop which threw plaintiff down. Plaintiff sustained severe injuries as a result of the fall. The bus was stopped to avoid collision with a vehicle traveling west on Gorrell Street, making a left turn into Asheboro Street.

Plaintiff alleged her injuries were caused by the negligence of Duke in (a) putting the bus in operation without allowing her reasonable opportunity to find a seat, (b) the failure of the motorman to maintain a proper lookout, thereby necessitating the sudden stop to avoid the collision with the other vehicle. Duke admitted its bus made a sudden stop, causing plaintiff to fall. It denied the fall and resulting injuries were caused by negligence on its part. It alleged the stop was made necessary by the negligence of David W. Elkins, hereafter Elkins, operating a Chevrolet station wagon owned by his wife, Ida Ruth Elkins.

In addition to its denial of liability, Duke alleged its right to contribution from Ida Elkins and her agent-husband, David Elkins, if the jury should find plaintiff was injured by its negligence. On Duke's motion the Elkins were made additional defendants to answer Duke's claim of contribution. The Elkins denied Duke's allegations that their negligence caused plaintiff's injuries.

To determine the rights of the parties the court submitted three issues answered as follows:

"1.   Was the plaintiff, Arlena Pearsall, injured by the negligence of the Defendant, Duke Power Company, as alleged in the complaint?

"ANSWER: Yes.

"2.   What amount, if anything, is the plaintiff entitled to recover of the defendant, Duke Power Company, for personal injuries?

"ANSWER: $17,500.00.                                              .

"3.   Were the defendants, David W. Elkins and Ida Ruth Elkins, negligent and did their negligence contribute to the injury of Arlena Pearsall as alleged in the cross action of the defendant, Duke Power Company?

"ANSWER: No."

Judgment was entered on the verdict. Duke gave notice of appeal and was allowed time to serve its case on appeal. Before the expiration of the time allowed to serve case on appeal Duke paid plaintiff the damages awarded by the jury plus interest accrued, whereupon plaintiff, acting through her attorney, assigned and transferred without recourse the judgment "to Durward S. Jones, Trustee for Duke Power Company, the purpose of this assignment and transfer is to protect whatever rights Duke Power Company may have under General Statute 1-240." Thereafter and within the time agreed on Duke served its case on appeal on counsel for the additional defendants. The case served constitutes the record here.

*Adams, Kleemeier, Hagan & Hannah by Durward S. Jones for original defendant appellant.*

*Smith, Moore, Smith, Schell & Hunter by Stephen Millikin for additional defendant appellees.*

RODMAN, J. The appeal presents these questions: (1) Did Duke, by paying and taking an assignment of the judgment which plaintiff had obtained against it, forfeit its right to have its claim for contribution reviewed by appeal? (2) If not, has Duke shown prejudicial error entitling it to a new trial on its claim for contribution?

In stating the questions for decision we reverse the order stated by the parties, for the second need not be answered if, as appellee asserts, the first should be answered in the affirmative. In our opinion that question requires a negative answer, if a reasonable interpretation be given to c. 68, P.L. 1929, now the last portion of the first paragraph of G.S. 1-240.

Prior to the enactment of that statute one tort-feasor was, as a rule, not entitled to contribution from another. *Doles v. R.R.*, 160 N.C. 318, 75 S.E. 722; *White v. Realty Co.*, 182 N.C. 536, 109 S.E. 564. The statute was enacted to reverse the rule declared in the cited and similar cases. Contribution was made the rule and not the exception. Of course there can be no contribution unless the parties are joint tort-feasors.

The statute made no attempt to interfere with the right of the injured party to decide who would be called on for compensation. A defendant sued in tort cannot compel plaintiff to sue all responsible for the damage, *Bell v. Lacey*, 248 N.C. 703, 104 S.E. 2d 833, but the party sued may have contribution from all responsible for the damage. This right may be enforced in either of two ways. The party sued may wait until a judgment has been obtained against him, whereupon he

may maintain an action against the other tortfeasors; or defendant may, in the action against him, have the other tortfeasors made parties. In either event the party called on to compensate the injured party is a plaintiff in the action against his alleged joint tortfeasors. *Bell v. Lacey, supra; Norris v. Johnson,* 246 N.C. 179, 97 S.E. 2d 773.

Here plaintiff has established Duke's duty to compensate her. Duke, by its failure to perfect its appeal from the adjudication of its liability to plaintiff and the discharge thereof, is not thereby barred from asserting its right against Elkins. The appeal is based on assertion of error with respect to Duke's right of action for contribution against Elkins. The right to appeal is accorded it by G.S. 1-277. It is not a condition precedent to the exercise of this right that it also appeal from the judgment rendered in favor of plaintiff.

Unless Duke can obtain a new trial on its claim against the additional defendants, the verdict and judgment which it seeks to review will be a bar to any action it may hereafter assert for contribution. It would be manifestly unjust to compel Duke to withhold compensation from plaintiff until its rights, if any, against Elkins had been determined.

Since Duke has the right to appeal because of asserted error resulting in a denial of its claim for contribution, an answer must be given to the second question.

The negligent act of Elkins as charged by Duke was a left turn by Elkins from Gorrell Street into Asheboro Street before he had reached the intersection of these streets, forcing Duke, who had the right of way at the point where the turn was made, to stop suddenly to avoid a collision.

The parties used at the trial a map for the purpose of illustrating the testimony given by the witnesses. It shows the location of some but not all of the structures which front the streets. It does show the manner in which the streets join. For convenience in understanding the factual situation as described by the witnesses, that portion of the map showing the intersection and the area adjacent thereto is reproduced and made a part hereof.

As will be observed, Asheboro Street runs northwardly until it reaches Gorrell Street. It there makes a turn to the left approximating 50 degrees. The southern portion of Asheboro Street is thirty-three feet

wide. The yellow line separating north and southbound traffic is twelve feet four inches from the eastern curb on Asheboro Street.

Gorrell Street runs in a northwest-southeast direction. It terminates when it reaches Asheboro Street. The curb lines on the east side of Asheboro and south side of Gorrell do not extend to the apex of the angle. That portion excluded from the statutory definition of the intersection is cut off by an arc about twenty or twenty-five feet from the apex. The area between the apex and the arc is not private property but a portion of the streets.

The jury could find from the evidence these facts: The bus was traveling northwardly on Asheboro Street. It had stopped at the intersection of that street and Murray Street, which is south of the area shown on the printed diagram. Elkins saw the bus when it was about 160 feet from the intersection of Asheboro and Gorrell Streets. He was uncertain whether it was moving toward the intersection or was stopping. Its movement was slow. The bus was on its righthand side of the street. It stopped suddenly to avoid a collision with Elkins. It stopped opposite the southwest end of the arc connecting Asheboro and Gorrell Streets and thirty feet or more south of the apex of the angle formed by extending the curb lines of these streets. There are no lights controlling traffic at the intersection nor are there any other signs directing traffic. Elkins lived in the vicinity of the intersection. He was familiar with the conditions there. He stopped before reaching the intersection of the streets. He gave a signal with his light indicating his intent to make a left turn and then proceeded into the intersection. He did not go out to the point constituting the apex of the angle formed by extending the curb lines of the two streets but turned close to the arc connecting the two streets. He saw that the motorman was not keeping a lookout for he was putting money in his pocket. Elkins blew his horn when a few feet from the bus to attract the motorman's attention and then proceeded in front of it. The bus applied its brakes and stopped. There was no contact between the vehicles.

If Elkins made the turn as alleged, was he negligent? G.S. 20-153(a) and (b) say the operator of a motor vehicle "when intending to turn to the left shall approach such intersection in the lane for the traffic to the right of and nearest to the center of the highway, *and in turning shall pass beyond the center of the intersection, passing as closely as practicable to the right thereof before turning such vehicle to the left.* (Emphasis added.)

"For the purpose of this section, the center of the intersection shall mean the meeting point of the medial lines of the highways intersecting one another."

An intersection is "the area embraced within the prolongation of the lateral curb lines or, if none, then the lateral boundary lines of two or more highways which join one another at any angle whether or not one such highway crosses the other." G.S. 20-38(1).

*Denny, J.* (now C.J.), said in *Simmons v. Rogers*, 247 N.C. 340, 100 S.E. 2d 849: "A violation of G.S. 20-153(a) constitutes negligence *per se* and such negligence is actionable if it proximately causes injury to another." He supports this statement by reference to *Ervin v. Mills Co.*, 233 N.C. 415, 64 S.E. 2d 431; *Grimm v. Watson*, 233 N.C. 65, 62 S.E. 2d 538; *Tarrant v. Bottling Co.*, 221 N.C. 390, 20 S.E. 2d 565.

If Elkins violated the statute, the question of whether such negligence proximately caused the injury was for the jury. *White v. Lacey*, 245 N.C. 364, 96 S.E. 2d 1.

The court, in charging the jury on the first issue, read G.S. 20-153(a) and (b). He told the jury that one who violated these statutes was negligent. He then said: "Now, members of the jury, an intersection is the area embraced within the prolongation of the lateral curb lines, if any, *or property lines*, if any, where two streets or highways meet, whether they continue on across or whether they stop without continuing or across." (Emphasis added.) Duke excepted to the quoted portion of the charge. The italicized language will show that the court did not quote correctly the statute which fixes the intersection at "the prolongation of the lateral curb lines *or if none, then the lateral boundary lines of two or more highways which join.*" (Emphasis added.) Here all the evidence was to the effect that there were curb lines along the street. The inadvertent use of the words "property lines" could well have, and we think did cause confusion. This is indicated by an inquiry directed to the court by a juror after the jury had been unable for some hours to agree on a verdict.

The court had recalled the jury to inquire if it could be of assistance. The foreman propounded questions to the court in response to which the court gave instructions. The court inquired if any other juror desired to ask a question in response to which a juror said: "Yes, sir, I have. A fellow gets in the intersection, a flickering light, he's got the right of way, if he pulls over out of the path that he's supposed to go and would cause another in the party of another truck coming that was in its proper lane, if he pulls out of the lane he's traveling where would he stand?" The court had the reporter repeat the question. After she had done so, he said: "The court instructs you that it cannot properly answer that question."

Duke assigns the failure of the court to answer the question as error. The assignment is, we think, well taken. True the question is not

clearly phrased, but when examined in the light of the testimony, it is, we think, apparent that the juror wanted to know where the law permitted Elkins to make his left turn. Nowhere in the charge had the court applied the law relating to the place where and how Elkins should proceed in making a left turn. This was a duty imposed by statute G.S. 1-180, which should have been discharged without special request. *Therrell v. Freeman*, 256 N.C. 552, 124 S.E. 2d 522; *Chambers v. Allen*, 233 N.C. 195, 63 S.E. 2d 212. When the failure to explain the law so the jury could apply it to the facts was specifically called to the court's attention by the juror's request for information, it should have told the jury how to find the intersection of the streets as fixed by G.S. 20-38(1) and how, when the motorist reached the intersection, he was required to drive in making a left turn. G.S. 20-153(a) and (b).

The testimony would support a finding that Elkins turned left before he reached the intersection as defined by the statute. Such a turn would put Elkins directly in the path of the bus at a place where Elkins had no right to be.

Because of the failure of the court to apply the law to the facts of the case and inform the jury where Elkins was permitted to make his left turn, there must be a

New trial.