Helen M. COX, Administratrix of the Estate of Arthur Norman Cox, Jr., Deceased, Plaintiff,

v.

E. I. DuPONT de NEMOURS AND COMPANY, Defendant and Third-Party Plaintiff,

v.

BLAW–KNOX COMPANY, Third-Party Defendant.

Civ. A. No. 4744.

United States District Court
D. South Carolina,
Greenville Division.

Heard May 15, 1967.

Decided June 8, 1967.

See also D.C., 38 F.R.D. 8, D.C., 39 F.R.D. 56.

Wesley M. Walker, Fletcher C. Mann, J. Brantley Phillips, Jr., of Leatherwood, Walker, Todd & Mann, Greenville, S. C., for plaintiff. J. Bruce Foster, of Odom, Nolen & Foster, Spartanburg, S. C., and Harry DuMont of Uzzell & DuMont, Asheville, N. C., for defendant E. I. DuPont de Nemours and Co.

W. Francis Marion, of Haynsworth, Perry, Bryant, Marion & Johnstone, Greenville, S. C., for defendant Blaw-Knox Co.

HEMPHILL, District Judge.

As third party plaintiff E. I. DuPont de Nemours and Company moves that the court reconsider its decision of August 24, 1965 in which the court struck Paragraph 12 of the third party complaint which set forth a claim for contribution against the third party defendant, Blaw-Knox Company, based upon the theory they were joint feasors, and in reliance on the law of North Carolina.

DuPont further moves to amend its third party complaint to reflect the judgment granted to the plaintiff against the defendant, and third party plaintiff, in the sum of Ninety Thousand and No/100 ($90,000.00) Dollars. An amended third party complaint was attached to the motion.

Blaw-Knox did not oppose the amendment to the third party complaint which reflected the judgment granted by the plaintiff against the defendant-third party plaintiff but it did oppose the proposed amendment concerning the reinsertion of allegations setting forth a claim against Blaw-Knox as third party defendant based upon the theory of contribution by a joint feasor.

Reference to the order of August 24, 1965 reveals that this court ruled that Rule 14 does not contemplate the joining of a joint tort feasor by way of a third party complaint in those cases where plaintiff objects and insists on its right to avoid introduction into the controversy of issues foreign to plaintiff's hope for relief. See also United States v. Scott, 18 F.R.D. 324 (D.C.S.D.N.Y.1955).

■ Counsel for Blaw-Knox admit that Blaw-Knox is properly joined as a third-party defendant under the theory of indemnification. As stated in Noland Co. v. Graver Tank & Mfg. Co., 301 F.2d 43 (4th Cir. 1962): "We are not here concerned with determining whether the third-party defendant could properly be brought into this action."

The court further stated at page 50:

One of the primary objectives of third-party procedure is to avoid circuity and multiplicity of actions. In view of the ease with which disposition of all claims herein could be made in this one action, we conclude that Rule 14 should be construed to be sufficiently broad and flexible so as to permit the District Court, in the exercise of its sound discretion, to make such disposition.

The record in this action shows that the witnesses are scattered over many states, and some are outside the continental limits of the United States. If DuPont and Blaw-Knox are required to litigate the issue of indemnification and then, if DuPont is unsuccessful in this theory and proceeds in North Carolina for contribution, the purpose of Rule 14 would be defeated and endless complications would result. "The availability of third-party procedure is intended to facilitate, not to preclude, the trial of multiple claims which otherwise would be triable only in separate proceedings." United States v. Yellow Cab Co., 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523.

The third-party claim is for all or part of the amount which DuPont has paid to the plaintiff under order of this court filed April 12, 1966. The expeditious disposition of this action would be promoted by litigation of all issues in one trial; and the previous order of this court striking Paragraph 12 of the third-party complaint is withdrawn and the motion of Blaw-Knox to strike is denied.

The court is no longer faced with the rights of the original plaintiff Cox to choose her forum and channel her demand for relief against the one or more she holds responsible. The order of April 12, 1966 changed the status of the parties. This court now considers the matter to be one properly considered under Rule 14. Also, under Rule 8(a), Federal Rules of Civil Procedure third party plaintiff's claim may demand and pursue "relief in the alternative or of several different types."

■ While it is not necessary to the present decision, the court considers the applicability of Rule 14 to a claim for contribution where this substantive right is granted under the law of the state where the alleged tort occurred. "[This rule] relating to third-party practice creates no substantive rights to reimbursement, contribution, or indemnity but merely simplifies procedure, where such a right exists, by allowing its determination at the trial of original claim." Handel, etc. v. Faradyne Electronics Corp., 37 F.R.D. 357 (D.C.N.Y.1964); Railey v. Southern Railway Co., D.C., 31 F.R.D. 519; Baltimore & Ohio Railway Co. v. Saunders, 4 Cir., 159 F.2d 481. "Contribution is a right arising under the substantive law of the States." Howey v. Yellow Cab Co., 181 F.2d 967 (3rd Cir.) affirmed by U. S. Supreme Court in United States v. Yellow Cab Co., supra.

■ The present case is governed by the law of North Carolina which does permit contribution by joint tort feasors before or after judgment. The right to contribution does not limit the plaintiff's right to select the defendant: it is a substantive right of the defendant against a joint tort feasor. Keller v. Kornegay, 9 F.R.D. 103 (N.D.N.C.1949); LaChance v. Service Trucking Co., 215 F.Supp. 162 (D.C.M.D.).

The Supreme Court of North Carolina stated in Pearsall v. Duke Power Co., 258 N.C. 639, 129 S.E.2d 217:

The statute made no attempt to interfere with the right of the injured party to decide who would be called on for compensation. A defendant sued in tort cannot compel plaintiff to sue all responsible for the damage. Bell v.

Lacey, 248 N.C. 703, 104 S.E.2d 833, but the party sued may have contribution from all responsible for the damage.

That the right of contribution is a substantive right and is owned by the defendant is clearly set out in Etheridge v. Carolina Power & Light Co., 249 N.C. 367, 106 S.E.2d 560, in which it is said:

> When an injured party elects to sue some but not all of the tort-feasors responsible for his injuries, those sued have a right to bring the other wrong doers in for contribution. G.S. § 1-240. The original defendant then becomes as to the tort-feasors not sued a plaintiff.

Where a substantive right to indemnification or contribution is alleged, the courts have repeatedly held that the procedure for its enforcement is that set forth in Rule 14. Sussan v. Strasser, 36 F.Supp. 266 (D.C.Pa.1941); Kravas v. Great Atlantic & Pacific Tea Co., 28 F.Supp. 66 (D.C.Pa.1939); Yap v. Ferguson, 8 F.R.D. 166 (D.C.N.Y.1948); Keller v. Kornegay, supra; LaChance v. Service Trucking Co., supra; Rouley v. Farm Mutual Automobile Ins. Co., 235 F.Supp. 786 (D.C.La.1964); 1A Barron & Holtzhoff Federal Practice and Procedure § 426 at 664.

The plea for contribution is an allegation of a substantive right for part of the amount which DuPont has paid the plaintiff, and this right for contribution can be pleaded as a part of the third-party complaint in this action.

It is, therefore, ordered that the order of this court dated August 24, 1965, is modified to the extent that DuPont is allowed to amend its third party complaint in accordance with the amended complaint submitted with the plaintiff's motion to include the Paragraph 12 originally stricken.

In the opinion of this court this order involves a controlling question of law, as to which there is a substantial ground for difference of opinion, and that an immediate appeal from this order, if deemed desirable by either party, may materially advance the ultimate termination of this litigation, and, therefore, recommend its consideration by the Fourth Circuit Court of Appeals.

And it is so ordered.