JARRETT *v.* BROGDON.

---

GENE TUNEY JARRETT v. BRADLEY BUCKHART BROGDON, CLINTON CLIFTON FREEMAN AND WINN-DIXIE STORES, INC.

(Filed 11 April, 1962.)

**Pleadings § 8;   Torts § 3—**

Where the driver of one of three vehicles involved in a collision sues the other two drivers and the employer of one of them, a defendant driver may set-up a counterclaim against plaintiff and may allege therein the concurring negligence of plaintiff and the other defendant driver, but he may not set-up a cross-action against such defendant driver, since such cross-action is not germane to plaintiff's cause of action. G.S. 1-123.

APPEAL by defendant Bradley Buckhart Brogdon from *Crissman, J.,* at October 1961 Civil Term of DAVIDSON.

This is a civil action to recover for personal injury and property damage allegedly caused by the joint and concurring negligence of the three named defendants.

The complaint alleges in substance that as a result of the negligence of both drivers the automobile operated by the defendant Brogdon was in collision with a tractor-trailer owned by the defendant Winn-Dixie Stores, Inc. and operated by its employee, the defendant Clinton Clifton Freeman; that immediately thereafter the tractor-trailer collided with the automobile operated by the plaintiff causing the damages complained of. The answer of the defendants Freeman and Stores, Inc. denies any negligence on the part of Freeman and alleges the sole negligence of defendant Brogdon. The answer of Brogdon alleges negligence on the part of Freeman and denies any negligence on his part; alleges contributory negligence on the part of plaintiff and, in addition, sets up a "counterclaim and cross-action" wherein he alleges that the collision between his car and the tractor-trailer was caused by the joint and concurring negligence of plaintiff and the defendants Freeman and Stores, Inc. Defendant Brogdon alleges that he is entitled to recover his damages sustained in the collision from plaintiff and the other two defendants jointly and severally.

The defendants Freeman and Stores, Inc. demurred to the cross-action and moved to strike it from the answer. The demurrer and motion to strike were sustained. The defendant Brogdon appealed.

*H. Wade Yates, Miller & Beck for plaintiff.*

*Walser & Brinkley for defendants Clinton Freeman and Winn-Dixie Stores, Inc. appellees.*

*DeLapp & Ward for defendant Bradley Buckhart Brogdon appellant.*

PER CURIAM.   In this case the plaintiff has sued all defendants who could be brought into the action as alleged joint *tort-feasors.* One of the defendants, Brogdon, has filed a counterclaim against the plaintiff and, upon allegations of negligence concurring with that of plaintiff, has attempted to set up a cross-action against his codefendants, Freeman and Stores, Inc., to recover his damages from plaintiff and his codefendants jointly and severally.

This same situation was before the Court in *Wrenn v. Graham, et al,* 236 N.C. 719, 74 S.E. 2d 232, wherein the plaintiff sued the defendant Graham and two corporate defendants. As will appear from the statement of facts in that case: "Defendant Graham, in his answer, after denying any negligence on his part and alleging certain defenses, pleads a 'cross-action' against his codefendants and a 'counterclaim'

JARRETT v. BROGDON.

against plaintiff. His asserted claim is stated in one cause of action against his codefendants and plaintiff as joint tort-feasors."

As in this case, the defendants against whom the cross-action was filed demurred to the cross-action and moved to strike it. *Barnhill, J.,* later *C.J.,* said (The) "question is this: In an action founded on allegations of negligence, may one of the three defendants file and prosecute a cross-action against his codefendants to recover compensation for personal injuries and property damage which he alleges arose out of and were proximately caused by the same automobile collision out of which plaintiff's cause of action arose? The statute, G.S. 1-123, and our decisions thereunder answer in the negative."

This same question was posed again and answered identically in *Morgan v. Brooks,* 241 N.C. 527, 85 S.E. 2d 869. The question was again answered in *Bell v. Lacey,* 248 N.C. 703, 104 S.E. 2d 833, where *Denny, J.,* now *C.J.,* said: "This Court has uniformly held that where all the joint tort-feasors are brought in by a plaintiff and a cause of action is stated against all of them, such defendants under our statutes, G.S. 1-137 and G.S. 1-138, are permitted to set up in their respective answers as many defenses and counterclaims as they may have arising out of the causes of action set out in the complaint. However, they are not allowed to set up and maintain cross-actions as between themselves which involve affirmative relief not germane to the plaintiff's action. *Wrenn v. Graham,* 236 N.C. 719, 74 S.E. 2d 232. This is so, notwithstanding the fact that the defendants' claim for damages may have arisen out of the same set of circumstances upon which the plaintiff's action is bottomed. The cross-action sought to be maintained by the appellants herein is not germane to the plaintiff's cause of action, and in no aspect is it essential to a complete determination of the plaintiff's cause of action."

Defendant Brogdon is required to set up his counterclaim against the plaintiff if he has one in this action. G.S. 1-135. *Dwiggins v. Bus Co.,* 230 N.C. 234, 52 S.E. 2d 892. And, in stating his counterclaim he may allege the concurring negligence of his codefendant. However as pointed out in *Bell v. Lacey, supra,* this does not authorize the defendant Brogdon to set up a cross-action against his codefendants.

Upon authority of the three cases cited above the order of Judge Crissman is

Affirmed.