ROBERT D. YELTON, by his Next Friend, O. M. YORK v. MARJORIE CONNER DOBBINS, NORRIS GREGORY DOBBINS, by and Through his Guardian ad Litem, MARJORIE CONNER DOBBINS; LUCILLE CROOM PARKER and Husband, FLOYD E. PARKER, and J. D. ROLAND

No. 6929SC449

(Filed 19 November 1969)

1. **Automobiles §§ 50, 51— failure to keep proper lookout — speeding — sufficiency of evidence**

    In this action by plaintiff guest passenger against the driver and the owner of an automobile in which plaintiff was riding and the driver of a truck which allegedly caused the automobile to wreck, plaintiff's evidence *is held* sufficient to be submitted to the jury on the issue of the automobile driver's negligence in failing to keep a proper lookout, failing to keep the automobile under proper control, and driving in excess of the speed limit.

2. **Automobiles § 90— instructions — cross-actions against co-defendant — negligence of co-defendant**

    In this action by plaintiff guest passenger against the driver and the

owner of the automobile in which plaintiff was riding and the driver of a truck which allegedly caused the automobile to wreck, wherein defendant automobile driver filed a cross-action against the truck driver for personal injuries and defendant automobile owner filed a cross-action against the truck driver for damages to her automobile, the trial court did not err in failing to instruct the jury that if they should find that plaintiff passenger was injured by the negligence of defendant truck driver, they should also find that defendant automobile driver was injured and that defendant automobile owner was damaged by the negligence of defendant truck driver.

**3. Witnesses § 8— co-defendants — order of cross-examination of plaintiff's witnesses**

In this action by plaintiff guest passenger against the driver and the owner of the automobile in which plaintiff was riding and the driver of a truck, the trial court did not err in permitting defendant automobile driver and defendant automobile owner to cross-examine witnesses offered by plaintiff before they were cross-examined by defendant truck driver, it being the duty of the court to determine the order of cross-examination when more than one party is entitled to cross-examine.

**4. Witnesses § 7— leading questions**

Whether counsel will be permitted to ask a leading question is within the discretion of the trial judge, and the exercise of such discretion will not be reviewed on appeal.

**5. Trial § 10— questions by trial court — expression of opinion**

In this action for injuries received in an automobile accident, the trial court did not express an opinion on the evidence or impeach or discredit the witnesses by questions which the court asked various witnesses.

**6. Evidence § 31— police report — testimony as to contents of report**

In this action for personal injuries resulting from an automobile accident, answer of police officer stating the name of one defendant, in response to a question as to whether he had any recollection from his investigation of who was listed in his accident report as driver number one, did not have the effect of permitting the officer to testify as to the contents of a report he had made.

**7. Automobiles §§ 50, 57— failure to stop at stop sign — failure to keep proper lookout — sufficiency of evidence**

In this action by plaintiff guest passenger against the driver and the owner of the automobile in which plaintiff was riding and the driver of a truck which allegedly caused the automobile to wreck, plaintiff's evidence *is held* sufficient to be submitted to the jury on the issue of defendant truck driver's negligence in failing to stop for a stop sign, failing to keep a proper lookout, and failing to keep her vehicle under control.

APPEAL by defendants Marjorie Conner Dobbins; Norris Gregory Dobbins, by and through his guardian ad litem, Marjorie Conner Dobbins; and Lucille Croom Parker from *Beal, S.J.,* April 1969 Session of Superior Court held in RUTHERFORD County.

Plaintiff alleged that the minor plaintiff, Robert D. Yelton (Robert), was injured by the actionable negligence of the defendants. Plaintiff offered evidence which, in substance, tended to show that on 17 November 1966 at about 4:00 p.m., Robert was riding as a guest passenger on the right front seat of a Ford automobile owned by Marjorie Conner Dobbins which was being operated on U. S. Highway #74 Bypass in Rutherfordton by Norris Gregory Dobbins (Gregory). Gregory, who was 16 years old, was driving North on U. S. Highway #74 Bypass at a speed of 50 miles per hour in a 45 mile per hour zone. The road was straight for two hundred yards south of the intersection of West Street and U. S. Highway #74 Bypass. Gregory was driving with one hand; his other hand was on the gearshift or the radio. When Gregory reached a point near the intersection of West Street and U. S. Highway #74 Bypass, a 1951 or 1961 International truck with a red cab operated by the defendant Lucille Croom Parker (Parker) and owned by J. D. Roland entered U. S. Highway #74 Bypass immediately in front of the automobile operated by Gregory. The red truck did not stop for a stop sign facing it at the entrance to the highway. The red truck stopped momentarily after entering the highway, partially blocking both lanes of travel, before it proceeded in a southerly direction down the highway. When the red truck entered the highway in front of him, Gregory put on brakes, turned to his right and skidded 216 feet before striking and breaking a utility pole. The license number of the red truck was obtained by plaintiff's witness, Howard Lane, who turned it over to police officers. The impact with the pole damaged the car Gregory was driving and injured both Gregory and Robert.

Gregory and Marjorie Conner Dobbins denied negligence and filed a cross action against their co-defendant Lucille Croom Parker. Gregory sought to recover of Parker for personal injuries, and Marjorie Conner Dobbins sought to recover of Parker for damages to her automobile.

The defendants Dobbins offered evidence which, in substance, tended to show that Gregory was not traveling at a speed in excess of the posted speed limit. That he was operating the automobile in a careful and prudent manner. Gregory was injured in the collision of the car with the utility pole. When Parker entered the highway in front of him, Gregory did all that a reasonable person in the exercise of due care could do to avoid colliding with it and oncoming traffic before hitting the utility pole and damaging the car he was driving to such extent that it was a total loss.

Parker denied negligence and offered evidence which, in substance, tended to show that she was hauling shelled corn on the date in question. She was driving a 1961 International truck with a red cab and black side boards. In traveling from her farm in Old Fort to Yelton Milling Company where she was carrying the corn, she traversed U. S. Highway #74 Bypass but did not at any time on that date go on West Street or drive out of West Street into the #74 Bypass. That she did not see an accident.

Issues were submitted to the jury and answered as follows:

"1.   Was the plaintiff Robert D. Yelton, injured by the negligence of the defendant Norris Gregory Dobbins, as alleged in the complaint?

ANSWER:   Yes

2.   Was the plaintiff injured by the negligence of the defendant Lucille Croom Parker, as alleged in the complaint?

ANSWER:   Yes.

3.   Was the defendant Mrs. Lucille Croom Parker, agent of the defendant J. D. Roland, as alleged in the complaint?

ANSWER:   No

4.   What amount, if any, is the plaintiff Robert D. Yelton entitled to recover?

ANSWER:   $20,000

5.   Was the defendant Norris Gregory Dobbins injured by the negligence of Lucille Croom Parker, as alleged in the cross-action?

ANSWER:   No

6.   Was the automobile of Mrs. Marjorie Conner Dobbins damaged by the negligence of the defendant Lucille Croom Parker, as alleged in the cross-action?

ANSWER:   No

7.   What amount, if any, is the defendant Norris Gregory Dobbins entitled to recover of the defendant Lucille Croom Parker on account of personal injuries?

ANSWER:   ...............

8.   What amount, if any, is the defendant Marjorie Conner Dobbins entitled to recover of the defendant Lucille Croom Parker, for property damages?

ANSWER:   ...............”

From the entry of judgment based on the answers to the issues, the defendants Marjorie Conner Dobbins; Norris Gregory Dobbins, by and through his guardian ad litem, Marjorie Conner Dobbins; and Lucille Croom Parker appealed to the Court of Appeals.

*Harry K. Boucher for plaintiff appellee.*

*Hamrick & Bowen by Fred D. Hamrick, Jr., for Marjorie Conner Dobbins and Norris Gregory Dobbins, by and through his guardian ad litem, Marjorie Conner Dobbins, defendant appellants.*

*Hamrick & Hamrick by J. Nat Hamrick for Lucille Croom Parker, defendant appellant.*

MALLARD, C.J.

The record is not clear as to what disposition was made of the case as to the defendant Floyd E. Parker. He was not referred to in the issues submitted or in the judgment entered. He did not appeal.

Appeal of Marjorie Conner Dobbins
and Norris Gregory Dobbins, by and
through his guardian ad litem,
Marjorie Conner Dobbins

[1]    Gregory and Marjorie Conner Dobbins assign as error the failure of the trial court to allow their motion for judgment of nonsuit. It was stipulated "that the car driven by Gregory Dobbins, and owned by Mrs. Marjorie Dobbins was a 'family purpose car' and was being used as such at the time of the accident." It was for the jury to say whether Gregory failed to keep a reasonable lookout, failed to keep the vehicle under proper control, or whether his speed was in excess of the maximum speed permissible under the statute, and if so, whether such was a proximate cause of the collision and injuries to plaintiff. We are of the opinion and so hold that there was ample evidence of negligence on the part of Gregory to require submission of the issue of his negligence to the jury.

[2]    Defendants Dobbins assign as error the failure of the judge to instruct the jury that if they should answer the issue numbered 2 "yes" that it would be their duty to answer issues numbered 5 and 6 "yes." Issue number 2 required the jury to find that the *plaintiff,* Robert D. Yelton, *was injured* by the negligence of the defendant Parker. Issue number 5 required the jury to find that the *defendant* Norris Gregory Dobbins *was injured* by the negligence of the defendant Parker. Issue number 6 required the jury to find that the

automobile of the *defendant* Mrs. Marjorie Conner Dobbins *was damaged* by the negligence of defendant Parker. A finding by the jury that the plaintiff *was injured* by the negligence of Parker does not demand a finding that Gregory *was injured* or that the Dobbins automobile *was damaged* by the negligence of Parker. The judge did not commit' error in failing to so instruct the jury.

The defendants Dobbins also contend that the answer to issue number 2 is inconsistent with the answers to issues numbered 5 and 6 and that the judge committed error in accepting the verdict, in failing to set the verdict aside, and in the entry of judgment on the verdict. In view of what has been said above, these contentions are without merit.

The defendants Dobbins and Parker were original defendants. No question has been raised or decided as to the right of Gregory and Marjorie Conner Dobbins to maintain such a cross action in this case under the rules of civil procedure applicable at this time. *Jarrett v. Brogdon,* 256 N.C. 693, 124 S.E. 2d 850 (1962).

### Appeal of Lucille Croom Parker

[3] Defendant Parker contends that the trial court committed error in permitting the defendants Dobbins to cross-examine the witnesses offered by the plaintiff before they were cross-examined by the defendant Parker. The court, in the exercise of sound legal discretion, has the right to regulate and control the conduct of a trial. *Greer v. Whittington,* 251 N.C. 630, 111 S.E. 2d 912 (1960). "And it is the duty of the court to control the examination and cross-examination of witnesses." 7 Strong, N.C. Index 2d, Trial, § 9. When there is more than one party entitled to cross-examine, it is the duty of the court to determine in what order the cross-examination is to be conducted. We hold that it was not error for the trial judge to permit the defendants Dobbins to cross-examine the witnesses offered by the plaintiff before they were cross-examined by the defendant Parker.

[4] Parker contends that it was error for the court to permit the defendant Norris Gregory Dobbins to ask the plaintiff, Robert D. Yelton, leading questions on cross-examination. This contention is without merit. "Whether the counsel shall be permitted to ask a leading question is within the discretion of the trial judge, and the exercise of such discretion will not be reviewed on appeal." 7 Strong, N.C. Index 2d; Witnesses, § 7.

[5] Defendant Parker's assignments of error 2, 5, and 7 relate to the judge asking questions of different witnesses. In 7 Strong, N.C.

Index 2d, Trial, § 10, there appears the following: "It is proper for the court to ask a witness questions for the purpose of clarifying the witness' testimony, but in so doing the court should be careful not to express an opinion on the facts or impeach or discredit the witness." It is the better practice for the trial judge to refrain from asking questions of the witnesses. However, after carefully considering the circumstances and the questions and statement complained of, we are of the opinion that such did not constitute an expression of opinion on the facts or impeach or discredit the witness and that such did not prejudice the defendant Parker.

**[6]**     Defendants' assignment of error 4, based on defendant Parker's exception 9, asserts that the court permitted a police officer to testify as to the contents of a report he made. After the police officer was handed a copy of the report of the accident, upon redirect examination by counsel for the plaintiff, the following occurred:

Q   Who do you show there as being the driver in the number one there?

MR. NAT HAMRICK:   Objection, sir. Your Honor, this report is not competent under any circumstances.

THE COURT:   Well, he can use it if he has any knowledge — he can use it to refresh his recollection and for no other person (sic).

Q   All right, sir, do you have any recollection then from your investigation, who was the driver of what's listed here in this report as driver number one?

MR. NAT HAMRICK:   Now, your Honor, I object to that. He is talking about the course of his investigation. The man has been examined and cross examined about what he knows.

THE COURT:   Objection overruled. I think its's competent.

EXCEPTION.

Q   Go ahead.

A   Lucille Parker."

The witness did not answer the first question propounded. The answer came after the second question, and we assume that it was in response to the second question. The lawyers in their conduct of the trial of this case were very vigorous and eager to protect the interests of their clients, and counsel in their zeal frequently appeared to be arguing with each other. Perhaps this resulted in the question not being clear. We do not think that the answer had the effect of

the police officer testifying "as to the contents of the report he made," nor did allowing the witness to answer the question result in prejudicial error so as to require a new trial.

[7]    There was ample evidence for the jury to find that Parker was negligent in that she drove the truck out of West Street into U. S. Highway #74 Bypass immediately in front of the Dobbins vehicle, failed to yield the right of way after failing to stop for a stop sign facing her, failed to keep a proper lookout, and failed to keep the vehicle she was operating under control. The trial judge did not commit error in overruling the motion of Parker for a nonsuit.

Parker also assigns as error a portion of the charge, but when the entire charge of the court to the jury is considered contextually, no error prejudicial to defendant Parker is made to appear.

After careful consideration of all assignments of error of all the defendants, in the trial we find

No error.

MORRIS and HEDRICK, JJ., concur.